(120 App. Div. 635)

### ROSE v. ARMSTRONG et al.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

MONEY LENT—DEFENSE.

> Though, in an action to recover for money advanced, it was alleged that the money was loaned under an agreement that, if plaintiff would let intestate have her pension money from time to time, such advances would be repaid at his death, yet, it appearing that there was an indebtedness to plaintiff for moneys loaned, a nonsuit was erroneously granted on the ground that it was not shown that the moneys advanced were pension moneys, since other moneys advanced would furnish the same liability.

Appeal from Trial Term, Sullivan County.

Action by Hannah Rose against James E. Armstrong and another, administrators, etc., of Larkin R. Geer, deceased. From a judgment for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Frank S. Anderson, for appellant.

John D. Lyons, for respondents.

JOHN M. KELLOGG, J. The complaint alleged an agreement by which, if the plaintiff would let the intestate have her pension money from time to time to be used in his business so long as he lived, such advances would be repaid at his death out of his estate; that she fully carried out the agreement, and loaned and paid over to him all of the pension money received by her, amounting to $4,000. The evidence showed quite clearly that the plaintiff had no income except her pension, that she was living as housekeeper with the intestate and was a woman quite advanced in years, and shows several advances of money to him, some of which were identified as pension moneys and others were not so identified, and frequent admissions by the intestate that he owed the plaintiff a large sum, stated from $2,000 to $3,000. A nonsuit was granted, and the complaint dismissed, presumably upon

the theory that it was not shown that the moneys which the plaintiff loaned and advanced to the intestate were pension moneys.

The evidence tends quite clearly to show an indebtedness to the plaintiff for moneys loaned, and it is not necessary to determine whether the plaintiff under her complaint must make it appear that such moneys were pension moneys; for, if it is assumed that such proof must be made, the fact that the plaintiff had no other property or source of income was evidence, with the other facts, to be considered upon that subject. We think the court took too technical a view of the pleadings and the evidence, and under the complaint it was not necessary to prove that all the moneys which the plaintiff advanced under the contract were actually pension moneys. Any other moneys advanced would furnish the same liability, and the real question is whether the plaintiff loaned and advanced the sums as claimed by her.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.