pellate Division, First Department. December 11, 1908.) Action by Georges Renault and another against Walter R. Herrick and others. C. C. Sanders, for appellants. H. M. Bellinger, for respondents. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

RICE, Respondent, v. ROCHESTER RY. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. November 18, 1908.) Action by Wilbur W. Rice against the Rochester Railway Company. No opinion. Judgment and order affirmed, with costs.

RIKER et al., Respondents, v. MOADINGER, Appellant, et al. (Supreme Court, Appellate Division, First Department. December 11, 1908.) Action by James Riker and another against Charles F. Moadinger, impleaded with others. A. S. Bacon, for appellant. C. R. Mundy, for respondents. No opinion. Judgment modified, by reducing the amount to be paid over by the receiver by $417.06, and, as so modified, affirmed, without costs. Settle order on notice.

ROBLIN LUMBER CO., Respondent, v. BROWN, Appellant. (Supreme Court, Appellate Division, Fourth Department. November 25, 1908.) Action by the Roblin Lumber Company against Lawrence E. Brown, as committee, etc. No opinion. Judgment and order affirmed, with costs.

ROGOW v. HURD. (Supreme Court, Appellate Term. November 30, 1908.) Appeal from Municipal Court, Borough of Manhattan, Sixth District. Action by Max Rogow against Benjamin Hurd. From a judgment of the Municipal Court in favor of plaintiff, defendant appeals. Reversed, and new trial ordered. Adams, Clark & Tappin (Langdon P. Marvin and Adelbert J. Smith, of counsel), for appellant. Julius D. Tobias, for respondent.

SEABURY, J. The record contains a large amount of irrelevant matter, but no evidence of any cause of action against the defendant. Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

In re RONALDS' ESTATE. (Supreme Court, Appellate Division, First Department. December 31, 1908.) Appeal from Trial Term, New York County. In the matter of the transfer tax upon the estate of Peter Lorillard Ronalds, deceased. Appeal from an order of the surrogate, affirming an order imposing a tax. Reversed, and assessment vacated. Edgar J. Phillips, for appellants. Henry A. Miller, for respondent.

PER CURIAM. We are of the opinion that the disposition of this case is governed by Matter of Lansing, 182 N. Y. 238, 74 N. E. 882, followed by this court in Matter of Haggerty (decided November, 1908) 112 N. Y. Supp. 1017, and Matter of Lewis (decided December, 1908) 113 N. Y. Supp. 1136. The order appealed from must therefore be reversed, with costs and disbursements, and the assessment of property as against the appellant vacated.

ROSE, Respondent, v. ARMSTRONG et al., Appellants. (Supreme Court, Appellate Division, Third Department. November 11, 1908.) Action by Hannah Rose against James E. Armstrong and another, as administrators, etc. No opinion. Judgment and order unanimously affirmed, with costs. See, also, 120 App. Div. 635, 105 N. Y. Supp. 541.

ROSENBERG, Appellant, v. FREEZER et al., Respondents. (Supreme Court, Appellate Division, First Department. December 11, 1908.) Action by Emma Rosenberg against Jacob Freezer and others. C. Goldzier, for appellant. J. Manheim, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

ROSENSTEIN v. NEW YORK, N. H. & H. R. CO. (Supreme Court, Appellate Term. December 9, 1908.) Appeal from Municipal Court, Borough of Manhattan, Second District. Personal injury action by Abraham Rosenstein against the New York, New Haven & Hartford Railroad Company. From orders and a judgment for plaintiff, defendant appeals. Judgment affirmed. Appeal from orders dismissed. See, also, 111 N. Y. Supp. 718. William Greenough, for appellant. J. W. Block, for respondent.

PER CURIAM. Judgment affirmed, with costs. Appeal from orders dismissed.

MacLEAN, J. (dissenting). In this action to recover damages for personal injuries occasioned by the fall of a window in a car of the defendant, a disinterested witness, one Hurley, testified for the defendant that the mother of the plaintiff, then a child 2½ years of age, "raised the window a little ways, and we had not gone very far before the window came down on the child's arm." That the mother raised the window a little ways before it fell upon the plaintiff was not contradicted, nor does it otherwise appear who had raised the window before the accident. Assuming that that window was defective when raised to the point where a catch was, or was customary to be, and that the jury by their verdict for the plaintiff have so found, unless it appear that the mother of the plaintiff, and his custodian, raised the window to a point where the catch, if any, was to operate, it may hardly be said that a defective catch was the proximate cause of the fall of the window, or that the custodian of this youthful plaintiff, presumably non sui juris, did herself exercise reasonable care under the circumstances. The carrier was not an insurer, though obligated, so far as its running gear is concerned, to a high degree of care. The judgment should therefore be reversed, and the cause tried again.

ROSENZWEIG, Respondent, v. BROOKLYN WOVEN WIRE MATTRESS CO., Appellant. (Supreme Court, Appellate Division, First Department. November 20, 1908.) Action by Abraham E. Rosenzweig against the Brooklyn Woven Wire Mattress Company. S. N. Tuck-