In re RIPLEY'S ESTATE.

(Supreme Court, Appellate Division, Second Department.   November 22, 1907.)

1. TAXATION—TRANSFER TAX—PROPERTY LIABLE.

Tax Law, § 220, Laws 1896, p. 868, c. 908, as amended by Laws 1897, p. 150, c. 284, § 2, subd. 5, provides that, whenever any person shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment, when made, shall be deemed a transfer taxable in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will.   A testator willed his property in trust for the benefit of his children and a grandchild, the income to be paid them while living, and directed that on the death of either, leaving lawful issue surviving, the share of the one so dying, "unless otherwise disposed of" by will, should be held for the use and benefit of such lawful issue.   The grandson died; his will providing that his share of the property should go to his wife and his four children, in equal parts.   *Held,* that the grandson's children took directly under their great-grandfather's will, and not by virtue of the exercise of the power of appointment given their father, he having "otherwise disposed of" only one-fifth of the property, which he gave his widow, and that their shares were not subject to a transfer tax created after their great-grandfather's death.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, §§ 1700, 1701.]

2. SAME—VESTED PROPERTY RIGHTS.

When beneficiaries under a will acquired a vested property right, it could not be cut down by the imposition of a transfer tax subsequently authorized by Laws 1897, p. 150, c. 284.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1676.]

3. WILLS—POWER OF APPOINTMENT—REFUSAL TO ACCEPT.

Where testator devised certain property to his grandson, his share, "unless otherwise disposed of" by the will of such grandson, to go to his children, and the grandson by will left one-fifth of the property to his wife and one-fifth to each of his children, the children had the right to claim under and avail themselves of the property in question under such appointment in their father's will, and also a right to repudiate such provision and claim directly under that of their great-grandfather.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1495, 1496.]

Appeal from Surrogate's Court, Nassau County.

In the matter of the appraisal of the estate of Sidney Dillon Ripley, deceased, under the acts relating to taxable transfers.   From an order of the Surrogate's Court, affirming an order approving the report of appraisal on the property passing under the will of deceased, the State Comptroller appeals.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and GAYNOR, JJ.

Edmond C. Alger, for appellant.
Clifton P. Williamson, for respondent.

WOODWARD, J.   This is an appeal by the Comptroller of the state of New York from an order of the surrogate of Nassau county, affirming on appeal to him a prior order which approved the report of appraisal upon the property passing under the will of Sidney Dillon

Ripley, decedent. Sidney Dillon, the grandfather of the decedent, died in 1892, leaving a will by which he created a trust for the benefit of his daughters and his grandson, Sidney Dillon Ripley. The income from the trust property was directed to be paid to his daughters and grandsons during their respective lives, "and on the death of either leaving lawful issue surviving, the share of the one so dying shall, unless otherwise disposed of as directed by the last will of the one so dying, be held for the use and benefit of such lawful issue, equally, share and share alike." Sidney Dillon Ripley died in 1905, leaving him surviving a widow and four children, the fourth of which children was born in June, 1892, after the death of Sidney Dillon. Sidney Dillon Ripley left a will containing the following provision, viz.:

"As to the property over which my grandfather, Sidney Dillon, by his last will and testament gave me the power of disposition by will, I give, devise and bequeath the same to my wife and children me surviving share and share alike, one share for my wife and one share for each child, and in case of the death of any of my said children leaving issue him or her surviving one share for the issue of each child collectively."

The tax appraiser found and reported that the share thus given to the widow of Mr. Ripley was subject to the payment of a transfer tax, but that the shares of the four children were exempt from such tax. The report was confirmed, and on appeal from the order of confirmation the order was affirmed. The State Comptroller now appeals to this court, and contends that the shares of the children should not have been exempted, but are subject to taxation by virtue of the provisions of subdivision 5 of section 220 of the tax law (Laws 1896, p. 868, c. 908, as amended by Laws 1897, p. 150, c. 284), reading as follows:

"Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will."

We think the surrogate was right in refusing to impose a transfer upon the children's share in the trust property. We have reached this conclusion because we are of the opinion that the children of Sidney Dillon Ripley take their interests directly from and under the provisions of the will of their great-grandfather, Sidney Dillon, and not by virtue of the exercise of the power of appointment given their father. The will of Sidney Dillon directed:

"The share of the one so dying shall, unless otherwise disposed of as directed by the last will of the one so dying, be held for the use and benefit of such lawful issue."

It was the manifest purpose and intent of the testator to give his grandson the right to dispose of his share of the trust estate by will to others than his own children; but, in case he did not so dispose of it, his share became the property of his children, share and share alike. What, then, were the provisions of the will of Sidney Dillon Ripley? He in form assumed to dispose of all of his share of the trust property, but in fact he only "otherwise" disposed of one-fifth part of it. This

he gave to his widow, while the remaining four-fifths went to the same identical beneficiaries and legatees named in Sidney Dillon's will, and in the same relative share. By the power of appointment Mr. Ripley simply disposed of one-fifth of this trust fund, while the remaining four-fifths remained "otherwise" undisposed of within the meaning of his grandfather's will. Inasmuch as this four-fifths was not "otherwise" disposed of than as provided in the will of Sidney Dillon, in case the power of appointment had not been exercised, the provisions and directions of the grandfather's will became operative, and the children thereby took their interests directly from and under that will, and independent of any power of appointment attempted to be exercised by their father in his will. The language employed by Sidney Dillon in his will is significant. The testator does not say the children shall take in case his grandson fails to exercise any power of appointment, but that they shall take unless the trust fund is "otherwise disposed of." As to four-fifths Mr. Ripley made no other disposition than the testator made. As to this four-fifths the disposition by appointment was identical with the disposition by Sidney Dillon's will. We see no reason why the fact that Mr. Ripley gave one-fifth to his widow should in any way change or prevent the application of the bequest contained in Sidney Dillon's will as to the remaining four-fifths, and we conclude the children took by virtue of that will.

It is questionable, at least, whether Sidney Dillon's will, when properly construed, gave to his grandson, Sidney Dillon Ripley, any power of appointment unless he exercised it to make a disposition different from that contained in the Dillon will. Granting, however, for the argument, that the right of appointment by which Mr. Ripley gave one-fifth to each of his children was a valid exercise of the right conferred, and that the children had the right to claim under and avail themselves of the property in question under such appointment, nevertheless they also had the right to repudiate such provisions and claim directly under their great-grandfather's will. Matter of Lansing, 182 N. Y. 238–244, 74 N. E. 882. In the Lansing Case the Court of Appeals said:

"An appointee under a power has the right of election, the same as a grantee under a deed. 'It is essential to the legal operation of a deed that the grantee assents to receive it. It cannot be imposed upon him, and there can be no delivery without an acceptance.' * * * He can accept the title tendered, or reject it, in his discretion. It cannot be forced upon him against his will. He cannot be compelled to receive additional evidence of title, when he does not want it, and does not need it, because his title is perfect without it. His consent is necessary before the attempt to exercise the power becomes binding upon him, the same as consent is necessary in making a contract or agreement. Declining or refusing to take has the same effect as incapacity to take, as in the case of a devise to a corporation which has no power to hold any more property because the statutory limit has been exceeded. The title is not affected, but remains where it was before. Mrs. McVickar [the appointee], by accepting under her mother's will property which belonged to her mother at the time of her death, did not accept the title tendered by the appointment, although both gift and appointment were made by the same instrument. She could claim as the devisee of her mother, and disclaim as her appointee, because a gift and an appointment are wholly unlike in character and substance. * * * While the mother could appoint, the daughter could

reject. Mrs. McVickar could therefore repudiate the action of her mother in attempting to exercise the power, and hold the property from her grandfather."

It is not necessary for the children of Mr. Ripley to claim under the appointment made by him in his will. If he had simply bequeathed one-fifth to his widow, and made no disposition of the remaining four-fifths, his children would have taken just the same under Sidney Dillon's will. The provision bequeathing the four-fifths to them added nothing to their title. They now repudiate the attempt to exercise the power of appointment in their behalf by their father, and the result is that four-fifths of the trust property necessarily becomes theirs by the express provisions of the will of their great-grandfather, Sidney Dillon, because it is not "otherwise disposed of." As this interest of the beneficiaries was acquired in 1892, the instant Sidney Dillon died, it became a vested property right, which could not be cut down by the subsequent imposition of a transfer tax created by chapter 284, p. 150, of the Laws of 1897. Matter of Pell, 171 N. Y. 48, 63 N. E. 789, 57 L. R. A. 540, 89 Am. St. Rep. 791; Matter of Langdon, 153 N. Y. 6, 46 N. E. 1034.

View this case in whatever light we may, we reach the same conclusion that the interest of the children is not subject to the payment of a transfer tax. The interests of the children vested upon the death of Sidney Dillon, subject to the contingency of being divested by the exercise of the power of appointment in a will by their father. The father did not divest four-fifths of that interest, but rather sought to confirm it; and, as a transfer tax is a tax on the right of succession, there appears no substantial reason for imposing a succession tax on the children's shares. Their interest was not increased, but diminished, by such exercise of the power of appointment as was attempted. Instead of being benefited, their interests were injured, by the exercise of that power, and this court can find no justification, either in law or equity, under such circumstances, in disturbing the order appealed from.

The order should be affirmed, with costs. All concur.