(76 Misc. Rep. 380.)

### In re HAIGHT'S ESTATE.

(Surrogate's Court, Putnam County. April, 1912.)

TAXATION (§ 861*)—TRANSFER TAX—VESTED FUTURE ESTATE.

Decedent in 1865, in contemplation of marriage, transferred property to trustees to collect and apply the income to her own use for life, and "immediately upon her decease" to transfer to such persons as she should devise and bequeath the same, but in case of her death intestate and leaving issue her surviving then on trust to convey the property to and among such issue in equal shares in fee; the issue of any child of decedent who may have died during her lifetime to take the share of such deceased child. Decedent died October 26, 1909, leaving a will in which she exercised the power of appointment in favor of her three children who would have taken in default of appointment under the trust deed. *Held*, that there was a complete vesting of the residuary estate in the beneficiaries under the trust deed prior to the enactment of the Transfer Tax Act (Consol. Laws 1909, c. 60, §§ 220–245), and that since on decedent's death no transfer of property, either in possession or enjoyment, took place, the property was not subject to the tax.

. [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. § 861.*]

In the matter of the appraisal of taxable transfers of property of the estate of Euphemia Kneeland Haight. Decree that the estate was nontaxable. Order affirmed. 136 N. Y. Supp. 557.

. Huntington, Rhinelander & Seymour, for executor.

SOUTHARD, S. By a deed executed in 1865, in contemplation of marriage, decedent transferred property to two trustees to collect and apply the income to her own use for life and "immediately upon her decease" to transfer the principal "to such persons * * * as the said party of the first part (decedent) by her last will and testament may devise and bequeath the same," but in case of her death intestate and leaving issue her surviving then "upon trust to convey and transfer all said real and personal estate * * * to and among the said issue in equal shares, in fee simple, the issue of any child of said decedent who may have died during her lifetime to take the share of such deceased child."

Decedent died October 26, 1909, leaving a will duly probated November 4, 1909, in and by which she in terms exercised the power of appointment in favor of her three children, who would have taken in default of appointment under the trust deed aforementioned.

The question to be decided by this court is whether the property covered by the deed of trust became taxable upon decedent's death.

The trust deed was intended to take effect at once and to create estates.

(a) Trustee became seised of the real estate and possessed of the personal estate during the life of the creator of the trust.

(b) The reversionary interest was created or remained in the creator of the trust until children were born to her.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(c) Upon the happening of that event a remainder in fee or absolute ownership became vested in each of the children as it was born, subject to be divested by its death before the mother and sub-. ject to open and let in after-born children, subject also to be divested in case the creator of the trust made a testamentary disposition or appointment in favor of other persons.

The remainder was vested in decedent's three children on and prior to October 11, 1882, the date of the birth of the youngest.

This right or estate became a vested future estate, it could be disposed of by sale, it was alienable, and the child could not be divested of it against his will except by his own death or the affirmative act of the creator of the trust in appointing the property to some one else by her will.

Upon the death of decedent no transfer of property either in possession or enjoyment took place. To levy a tax upon the property under such circumstances as these would not be a tax upon the transfer but upon the property itself. Matter of Haggerty, 128 App. Div. 479, 112 N. Y. Supp. 1017.

In the case at bar the deed was executed before the passage of the transfer act (Consol. Laws 1909, c. 60, §§ 220–245), and the rights created in it had become vested prior thereto.

Where there was a complete vesting of a residuary estate before the enactment of the transfer tax statute, it cannot be reached by that form of taxation. Matter of Pell, 171 N. Y. 48, 63 N. E. 789, 57 L. R. A. 540, 89 Am. St. Rep. 791; Matter of Seaman, 147 N. Y. 69, 41 N. E. 401; Matter of O'Berry, 179 N. Y. 285, 72 N. E. 109; Matter of Craig, 97 App. Div. 289, 89 N. Y. Supp. 971.

It follows that an order should be entered declaring the decedent's estate to be not taxable.

Decreed accordingly.