---

### In re HOFFMAN'S ESTATE.

(Supreme Court, Appellate Division, First Department. April 3, 1914.)

TAXATION (§ 861*)—TRANSFER TAX—TRANSFERS TAXABLE.

Testator, who died before the enactment of the transfer tax law, left his property to his wife for life, with power of appointment among his children and descendants, and, in the event that she failed to exercise the power, the property was to go to his children absolutely. Two daughters survived the testator, but one of them died without issue prior to the death of her mother, who had exercised the power of appointment by dividing the property between the daughters, with a proviso that, if either should predecease her mother without issue, the surviving daughter should take all the remainder. The mother died after the enactment of Tax Law (Consol. Laws, c. 60) § 220, subsec. 6, which imposed a tax upon property taken by appointment. The daughter declined to accept anything under the appointment and elected to take under her father's will. Held, that the property so taken by her was not subject to the payment of the transfer tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. § 861.*]

---

Appeal from Order of Surrogate, New York County.

Appeal by Mary G. Hoffman, individually and as executrix of the last will and testament of Mary Gracie Hoffman, deceased. From an order by a surrogate of the county of New York denying her appeal from an order assessing a transfer tax. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

T. Ludlow Chrystie, of New York City (Walter Trimble, of New York City, on the brief), for appellant.

George Thoms, of New York City (Theodore Du Moulin, of New York City, on the brief), for respondent.

LAUGHLIN, J. The question presented by the appeal is whether the residuary estate of William B. Hoffman, deceased, who died in the year 1880, before the enactment of the collateral inheritance or transfer tax law, left by his will to his wife for life with a power of appointment in her to dispose of the remainder by last will and testament, is subject to a transfer tax owing to the fact that she exercised the power of appointment and attempted to dispose of such remainder by her last will and testament made on the 3d day of May, 1901, which took effect on her death on the 8th day of July, 1911, notwithstanding the fact that the appointee has formally elected not to take pursuant to the exercise of said power of appointment, but to take pursuant to the provisions of the will of the testator.

The testator left a widow and two daughters. He gave his residuary estate to his widow for life, and expressly authorized and empowered her "by last will and testament to give, dispose of, and divide the said estate and property to and among 'his' children and descendants, in such proportions and shares as in her judgment may seem best, regard being had to the independent property they may have respectively received." He then provided that on the death of his widow, in the event that she should not exercise this power of disposition, the residue and remainder should go to his "children absolutely"; and he further provided that, in the event "of the death of all 'his' children and descendants in the lifetime of" his wife, all his property should go to his "wife, her heirs and assigns forever." One of the daughters of the testator, who survived him, died in 1907, unmarried and without issue. The testator's widow, by her will, first gave and bequeathed and appointed to the appellant the sum of $125,000 out of the remainder of the estate of the testator; and she then gave, devised, and bequeathed and appointed the rest, residue, and remainder of her own estate *and of the estate of the testator* to her two daughters, share and share alike, and to their descendants in the event of their death, or of the death of either of them leaving descendants, and, in the event that either daughter should predecease her mother without issue living at the time of the death of the mother, then the surviving daughter was to take all of the remainder.

It seems to be well settled that a devisee or legatee may refuse to take under a power of appointment. Matter of Lansing, 182 N. Y. 238, 74 N. E. 882; Matter of Haggerty, 128 App. Div. 479, 112 N. Y.

Supp. 1017, affirmed 194 N. Y. 550, 87 N. E. 1120. See, also, Matter of Chapman, 133 App. Div. 337, 117 N. Y. Supp. 679, appeal dismissed 196 N. Y. 561, 90 N. E. 1157; s. c., 138 App. Div. 923, 123 N. Y. Supp. 1110, affirming order of surrogate on authority of 133 App. Div. 337, 117 N. Y. Supp. 679, affirmed 199 N. Y. 562, 93 N. E. 1118. The formal election executed by the appellant and delivered to the appraiser indicates that she supposed that she could decline to take under the exercise of the power of appointment by her mother and take directly the entire residuary estate under the will of her father. Of course the appellant might, unconditionally and unequivocally, have declined to accept anything by virtue of the exercise of the power of appointment (Matter of Lansing, supra, 182 N. Y. at page 245, 74 N. E. 882; Matter of Haggerty, supra); and if she had done so that would have been decisive of the point presented, for the only theory on which it is claimed that said residuary estate is taxable in this proceeding is that it passed by the exercise of the power of appointment (see Matter of Delano, 176 N. Y. 486, 68 N. E. 871, 64 L. R. A. 279; subdivision 6, § 220, Tax Law). I am of opinion, however, that her declination to take under the power of appointment should not be deemed an irrevocable election not in any event to take any estate or interest in said residuary estate, but merely an election to take said estate under the will of her father, if she may lawfully do so, and may thereby take the same estate as she would take under the power of appointment, and, if not, then she intends to take under the power of appointment in so far as she must, to enable her to take the entire estate. Counsel for the appellant argues that in no view of the case is more than one-half of the residuary estate subject to the tax, for his client would take at least one-half the estate under her father's will, and that, since she had no children, her mother could not have so exercised the power of appointment as to take that away from her, and that therefore, in no event, does she depend upon the exercise of the power of appointment for more than the one-half of the estate which may have vested in her sister subject to the exercise of the power of appointment. The learned surrogate was of opinion that appellant would take only an undivided one-half interest in the residuary estate under the will of her father, and that, inasmuch as she would take the entire residuary estate under the power of appointment, it was all subject to the transfer tax. Under existing precedents, if the interest which the appellant would take by virtue of the power of appointment exercised by her mother is precisely the same as the interest which she would have taken under the will of her father, if such power had not been exercised, then it would not be subject to a transfer tax, for it is deemed to have been vested under her father's will, subject to being divested by the exercise of the power of appointment disposing of it, not in precisely the same way, but only if appointed to go differently; and, if appointed to go in exactly the same way as without the exercise of the power of appointment, then such exercise is deemed ineffective, and in any event may be repudiated, and an election may be made by the beneficiary to take under the will and not under the power of appointment. Matter of Ripley, 122

App. Div. 419, 106 N. Y. Supp. 844, affirmed 192 N. Y. 536, 84 N. E. 1120; Matter of Backhouse, 110 App. Div. 737, 96 N. Y. Supp. 466, affirmed 185 N. Y. 544, 77 N. E. 1181; Matter of Haggerty, supra; Matter of Haight, 152 App. Div. 228, 136 N. Y. Supp. 557; Matter of Lansing, supra; Matter of Chapman, supra. Construed literally, the devise to her by her father was made only in the event that her mother did not exercise the power of appointment; but it seems it is to receive the same construction as if the devise was first to the daughter and subject to be defeated only by the exercise of the power of appointment lawfully appointing that it, or some part of it, should go otherwise. Matter of Haggerty, supra.

I am of opinion that appellant would take under the will of her father, the entire residuary estate the same as under the exercise of the power of appointment. It is perfectly plain that the testator intended that, if one daughter predeceased her mother without issue, the surviving daughter should take the entire estate, for the devise and bequest to *his children* is on the decease of his wife, and he expressly provided that, if both of his children should predecease his wife without leaving descendants, then the wife and her heirs and assigns should take the entire remainder. It would be a most unreasonable construction, I think, to hold that, regardless of her surviving her mother or leaving issue, one-half of the estate is vested absolutely in *each* daughter, *provided* only one of them survive their mother, but that it was subject to be divested as to both in the event that both predeceased their mother and left no issue. He has plainly said that he did not intend that either should take if they both died without issue during the lifetime of their mother. If he intended that one dying, leaving her mother surviving, should take an undivided one-half of the residuary estate, provided the other daughter survived her mother, in which event the mother would receive no part of the remainder, it is manifest that he would have made the same provision in the event that both predeceased their mother. This was, I think, intended to be a devise and bequest to his surviving daughters *as a class,* and, although the testator had two children when he made the will, he intended that the child surviving the death of his widow should take the entire remainder, provided the other child previously died without issue and the widow did not exercise the power of appointment. Since, therefore, the appellant takes, not through the exercise of the power of appointment, which would render this remainder taxable (subdivision 6, § 220, Tax Law), but under her father's will, by which the estate became vested in her before the enactment of the law taxing such transfers, the remainder of the residuary estate is not subject to the transfer tax. If the repudiation of the appointment were absolute and irrevocable, regardless of whether it resulted in appellant's taking a lesser estate, then perhaps the only question we would have to decide would be whether such repudiation was effective, for manifestly, if no estate was transferred under the exercise of the power of appointment by the appellant's mother, no transfer tax could be imposed in this proceeding which is to appraise the property transferred by the mother's will only (subdi-

vision 6, § 220, Tax Law); but, as has been seen, that is not what the appellant intended by her election to take under the will rather than through the appointment.

It follows that the order should be reversed, with $10 costs and disbursements, and the supplemental report of the appraiser annulled and the pro forma order thereon reversed, and the original report of the appraiser and the pro forma order thereon should be affirmed, with costs.

INGRAHAM, P. J.   I concur in the reversal of the order of the surrogate upon the ground that the appellant did unconditionally and unequivocally decline to accept anything by virtue of the exercise of the power of appointment contained in the will of Mary G. Hoffman, and that therefore the property which passed under the will of William B. Hoffman was not taxable.

The order should be reversed, with $10 costs and disbursements, and the supplemental report of the appraiser annulled and the pro forma order thereon reversed, and the original report of the appraiser and the pro forma order thereon should be affirmed, with costs.

McLAUGHLIN, SCOTT, and HOTCHKISS, JJ., concur.