Matter of the Appraisal under the Transfer Tax Acts
of the Property of St. Clair McKelway, Deceased.

(Surrogate's Court, Kings County, May, 1916.)

Joint ownership — how established — transfer tax — agreement between
a husband and wife as to joint ownership of securities — contracts.

Where an agreement made in 1913 between a husband and
wife of the first part and a trust company of the other part
declares that securities which were the subject of the agree-
ment were owned by the husband and wife jointly such state-
ment is not so unalterably expressive of joint ownership that
it could not upon resort to the circumstances be found con-
sistent with ownership in common, but the circumstances tend
only to the conclusion that joint ownership was intended and
effectuated.

A provision of the agreement " that the same might be
revoked " was not applicable to the arrangement by which
joint ownership was established but was confined to the recall
thereof between the parties thereto.

A stipulation of the agreement that the trustee should pay
the income of the securities to the husband and wife in equal
shares was not inconsistent with joint ownership, and the only
transfer, whether of the securities mentioned in the contract or
those which were later brought within its operation, was a
transfer consummated in the lifetime of the decedent and was
not then subject to a transfer tax, nor did it become so under
chapter 664 of the Laws of 1915.

APPEAL from an order imposing a transfer tax.

Cullen & Dykman (Francis L. Archer, of counsel),
for Virginia Brooks McKelway, appellant.

Marcus B. Campbell, for state comptroller, re-
spondent.

KETCHAM, S.   The widow of the decedent appeals
from portions of the order imposing a transfer tax.

The agreement made, on November 24, 1913, between the husband and wife, of the first part, and the trust company, of the other part, had the present effect of constituting the parties of the first part the owners, by a joint tenancy, of the securities therein described. The subsequent acts of the husband and wife by which they submitted to the operation of the agreement other securities, not mentioned in the instrument, had the same effect, with respect to such other securities.

The parties of the first part declared in the agreement that the securities which were the subject thereof were owned by them "jointly." This statement is not so unalterably expressive of joint ownership that it could not, upon resort to the circumstances, be found consistent with ownership in common, but the circumstances tend only to the conclusion that joint ownership was intended and effectuated. If the declaration were negative, the transaction would denote and immediately create a joint tenancy, with the right of survivorship. *Matter of Maguire,* 95 Misc. Rep. 76.

The provision in the agreement "that the same might be revoked" was obviously not applicable to the declaration or arrangement by which the joint ownership was established. It was confined to the recall of the agreement between the joint owners and the trust company.

The stipulation that the trustee should pay the income of the securities to the husband and wife in equal shares was not inconsistent with joint ownership. It dealt only with the duty of the trustee toward the parties of the first part, and contained no distribution in ownership of the income paid.

Hence, the only transfer, whether of the securities mentioned in the contract or those which were later brought within its operation, was a transfer consum-

mated in the lifetime of the decedent and was not then taxable under the Transfer Tax Act. It did not become taxable under chapter 664 of the Laws of 1915. *Matter of Lansing,* 182 N. Y. 238; *Matter of Hoffman,* 161 App. Div. 836; affd., 212 N. Y. 604.

The appeal is in all things sustained, and the order may be modified accordingly.

Order modified.