(95 Misc. Rep. 473)

### In re McKELWAY'S ESTATE.

#### (Surrogate's Court, Kings County. May, 1916.)

1. JOINT TENANCY ☞3—INSTRUMENTS CREATING—AGREEMENTS.

Where a husband and wife entered into an agreement with a trust company declaring that securities were owned by the husband and wife jointly, such statement is not so unalterably expressive of joint ownership that it cannot, upon resort to the circumstances, be found consistent with ownership in common.

[Ed. Note.—For other cases, see Joint Tenancy, Cent. Dig. § 1; Dec. Dig. ☞3.]

2. JOINT TENANCY ☞3—AGREEMENTS—EFFECT.

An agreement between a husband and wife and a trust company, declaring that securities were owned by them jointly, provided that it might be revoked, and that the trustee should pay the income of the securities to the husband and wife in equal shares. Held, that the provision for revocation was not applicable to the arrangement by which joint ownership was established, but was confined to the recall thereof between the owners and the trust company, nor was the stipulation for payment of the income to the husband and wife in equal shares inconsistent with joint ownership.

[Ed. Note.—For other cases, see Joint Tenancy, Cent. Dig. § 1; Dec. Dig. ☞3.]

3. TAXATION ☞866—TRANSFER TAXES—PAYMENT.

A husband and wife deposited with a trust company securities declaring that they jointly owned the same. Thereafter the husband died. Held, that transfer taxes could not be imposed; the transfers, if any, having been consummated in the husband's life, this being also true under Laws 1915, c. 664.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. ☞866.]

In the matter of the appraisal for taxation under the transfer acts of the property of St. Clair McKelway, deceased. From an order imposing a transfer tax, the widow of deceased appeals. Order modified.

Cullen & Dykman, of Brooklyn (Francis L. Archer, of Brooklyn, of counsel), for appellant.

Marcus B. Campbell, of Brooklyn, for respondent State Comptroller.

KETCHAM, S. The widow of the decedent appeals from portions of the order imposing a transfer tax.

[1-3] The agreement made, on November 24, 1913, between the husband and wife, of the first part, and the trust company, of the other part, had the present effect of constituting the parties of the first part the owners, by a joint tenancy, of the securities therein described. The subsequent acts of the husband and wife by which they submitted to the operation of the agreement other securities, not mentioned in the instrument, had the same effect, with respect to such other securities.

The parties of the first part declared in the agreement that the securities which were the subject thereof were owned by them "jointly." This statement is not so unalterably expressive of joint ownership that it could not, upon resort to the circumstances, be found consistent with ownership in common; but the circumstances tend only to the conclusion that joint ownership was intended and effectuated. If the declaration were negative, the transaction would denote and immediately create a joint tenancy, with the right of survivorship. Matter of Maguire, 95 Misc. Rep. 76, 160 N. Y. Supp. 512.

The provision in the agreement "that the same might be revoked" was obviously not applicable to the declaration or arrangement by which the joint ownership was established. It was confined to the recall of the agreement between the joint owners and the trust company.

The stipulation that the trustee should pay the income of the securities to the husband and wife in equal shares was not inconsistent with joint ownership. It dealt only with the duty of the trustee toward the parties of the first part, and contained no distribution in ownership of the income paid.

Hence the only transfer, whether of the securities mentioned in the contract or those which were later brought within its operation, was a transfer consummated in the lifetime of the decedent and was not then taxable under the Transfer Tax Act. It did not become taxable under chapter 664 of the Laws of 1915. Matter of Lansing, 182 N. Y. 238, 74 N. E. 882; Matter of Hoffman, 161 App. Div. 836, 146 N. Y. Supp. 898, affirmed 212 N. Y. 604, 106 N. E. 1034.

The appeal is in all things sustained, and the order may be modified accordingly.

Order modified.