ESTATE OF HELEN M. W. GRANT, BROOKLYN TRUST CO., EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13792. Promulgated August 1, 1928.

*Edwin L. Snedeker, Esq.*, for the petitioner.
*F. T. Horner, Esq.*, for the respondent.

## OPINION.

MORRIS: The only question to be determined is whether the corpus of the testamentary trust created by Mary E. Wolcott should be included in the gross estate of her daughter, Helen M. W. Grant. The answer to the question lies in the interpretation of the provisions of the wills left by the mother and daughter. The respondent contends that this property should be included in the gross estate of Mrs. Grant as passing under a power of appointment given to her by the will of her mother. The petitioner claims that it did not and could not so pass as under Mrs. Wolcott's will the power of appointment became operative only if Mrs. Grant left no issue.

The applicable provisions of the Revenue Act of 1924 read as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, his death, except in case of a bona fide sale for a fair consideration in money or money's worth; * * *

* * * * * * *

Mary E. Wolcott's will provides "I give * * * to the Brooklyn Trust Company in trust, to pay all the net interest or income * * * to my said daughter during her life time * * *." If we pause at this point, Mary E. Wolcott by this provision made her daughter a beneficiary for life in the income and interest to be derived from the testamentary trust. The next clause provides for disposition of the corpus and any accumulated portion of the income arising therefrom by stating " and on her death to pay or deliver over all the principal and any unexpended income arising therefrom to the issue of my said daughter, by representation, or to such person or persons or institution as my said daughter may by her last Will and Testament direct, give or appoint to receive or take the same." Examining this provision of the will it is our opinion that, if the daughter had issue, such issue was to receive the property in question, unless other persons were appointed by her to receive the same. The power of appointment was operative only to the extent of permitting the daughter to designate some person (or institution) other than her issue to receive the remainder. It is clear that if no such designation or appointment were made, said issue was to receive the property under the will of Mary E. Wolcott. This would be true whether the failure to exercise the power of appointment were due to the daughter's dying intestate or the designating of her issue as the persons to receive the remainder. The attempted exercise of the power did not effect the passing of the property in question under a general power of appointment.

Helen M. W. Grant, possessed no doubt with some of the foresight of her mother and desirous for the welfare of her children, provided that " all property which, by the will of my mother, Mary E. Wolcott, I am authorized to dispose of by my will, I give, devise, and bequeath to my daughters, * * * in equal shares, * * *." This disposition is the same as that contained in the will of Mary Wolcott, and it is this provision which respondent asserts is an exercise of the power of appointment. The New York courts have had occasion to pass on questions similar to the present in several cases. In *Matter of Lansing*, 182 N. Y. 238; 74 N. E. 882, the court had to consider whether a granddaughter took under the will of her grandfather or by virtue of the power of appointment attempted to be exercised by her mother. The court in its decision, said:

* * * Her rights were fixed by the will of her grandfather, and, unless changed pursuant to its provisions, her estate in expectancy would become an estate in possession upon the death of her mother. While the situation

was subject to change under the power of appointment, no change was made. Although the power was exercised in form, her title was perfect without it, and she derived no benefit from it. The power was to "dispose of the remainder," and the remainder was not disposed of, but continued where it was. The attempt to execute the power was not effective, because it did nothing. The exercise of a power which leaves everything as it was before is a mere form, with no substance.

Accord: *In re Haggerty*, 128 App. Div. 478; 112 N. Y. Supp. 1017; *Matter of Hoffman*, 161 App. Div. 836; 146 N. Y. Supp. 898.

It follows in accordance with the foregoing that the trust corpus passed under and by virtue of the will of Mary E. Wolcott and, therefore, should not be included in the gross estate of Helen M. W. Grant.

Reviewed by the Board.

*Judgment will be entered for the petitioner under Rule 50.*