GEORGE W. DAVISON, AS EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF ROSWELL ELDRIDGE, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50355. Promulgated August 28, 1934.

*Alfred T. Davison, Esq.,* and *Evelyn L. MacKenzie, Esq.,* for the petitioner.
*F. T. Horner, Esq.,* for the respondent.

102

LEECH: This proceeding seeks redetermination of a deficiency of $30,319.06 in estate tax determined by respondent against petitioner as executor of the estate of Roswell Eldridge, deceased.

Three errors are assigned. The first is upon respondent's action in including in decedent's gross estate $6,840, as representing the value of certain real estate in Texas, and is disposed of by the stipulation of the parties that the correct amount subject to inclusion under this item is $3,420. The second is upon respondent's action in including in the gross estate $481,650, as the value of certain gifts made by him to individuals prior to his death. This is disposed of by stipulation that the correct amount for inclusion on this account is $212,242.50. This leaves for consideration by us only the last issue. This is the correctness of respondent's action in refusing to allow deduction of any amount in determining the net estate, as representing the value at the time of decedent's death, of certain bequests of property provided by the will to go under certain conditions to several charitable institutions.

The facts are not in dispute. Petitioner is the executor of the estate of Roswell Eldridge, a resident of Nassau County, New York, at the time of his death on January 27, 1927. Petitioner's decedent, by his will, left his residuary estate in trust, the income therefrom to be paid his widow, Louise U. Eldridge, during her lifetime, the corpus to be distributed upon her death to those whom she might designate and appoint by her last will. It was further provided that in the event of her failure to exercise the power of appointment granted, the income of the trust was to be paid to her mother, Louisa U. Skidmore, for life, and upon her death the corpus was to be distributed in various amounts to several beneficiaries. Among these beneficiaries were the following, which were to receive the amounts set out:

The Rector and Inhabitants of the Parish of Hempstead in Queens County, Long Island, in communion with the Church of England as by law established (otherwise known as St. George's Church)__ $100,000
The Friends' Boarding Home of Concord Quarterly Meeting, Westchester, Pa._____ 250,000
Nassau Hospital, Mineola, New York_____ 50,000

All of the three beneficiaries named above are religious or charitable corporations within the meaning of section 303 (a)(3) of the Revenue Act of 1926.

The will of petitioner's decedent was probated in Nassau County, New York, and petitioner was qualified as executor on April 22, 1927. Louisa U. Skidmore died at the age of 92, on June 5, 1927. On January 24, 1933, Louise U. Eldridge, the widow of petitioner's decedent, filed in the Surrogate's Court of Nassau County the fol-

lowing renunciation or disclaimer of the power of appointment granted her by decedent's will:

Surrogate's Court, County of Nassau:

In the Matter of the Last Will and Testament of Roswell Eldridge, Deceased.

I, the undersigned, Louise U. Eldridge, Do Hereby Forever Renounce, Surrender and Give Up, all and any power or powers of appointment given to me under and by virtue of the paragraph marked "(b)" of the subdivision marked "Fourth" of the Last Will and Testament of Roswell Eldridge, deceased, dated July 24, 1925, which Last Will and Testament was duly admitted to probate by the Surrogate's Court of the County of Nassau on the 22nd day of April, 1929, and a copy of which is hereto annexed, and I hereby make known, declare and agree that I have not and shall not exercise such power of appointment and have not and shall not give any direction or make any disposal of the income or principal of the trust fund created by paragraph marked "(b)" of subdivision marked "Fourth" of the said Last Will and Testament of Roswell Eldridge, deceased, dated July 24, 1925, and a copy of which is hereto annexed, so that and to the end that there shall at all times be an absence of any direction by me and so that and to the end that upon my death the principal of the trust fund created by said paragraph marked "(b)" of subdivision marked "Fourth" of said Last Will and Testament of Roswell Eldridge, deceased, shall be paid as provided in subparagraphs marked "(1)", "(2)", "(3)", "(4)", "(5)" and "(6)" in the said paragraph marked "(b)" of said subdivision marked "Fourth" of said Last Will and Testament of Roswell Eldridge, deceased.

This renunciation is irrevocable.

This agreement and renunciation shall constitute and be an agreement by and between myself, the said Louise U. Eldridge, and the United States of America, and the Commissioner of Internal Revenue of the United States, and the United States Board of Tax Appeals and each of them, and their and each of their successors, and I hereby admit, make known and declare that the consideration for this renunciation and agreement is the representation made by me to said Commissioner of Internal Revenue and to said United States Board of Tax Appeals that I have not and will not exercise the power of appointment hereby renounced and also (still continuing with the statement of the consideration for this renunciation and agreement), any action taken by said United States Board of Tax Appeals or said Commissioner of Internal Revenue or both, upon or by virtue of this renunciation, so that and to the end that the gifts to charities contained in sub-paragraphs marked "(3)", "(4)" and "(5)" in said paragraph marked "(b)" of said subdivision marked "Fourth" of said Last Will and Testament of Roswell Eldridge, deceased, shall be absolute gifts to the charities therein named, and I further admit, make known and declare that this renunciation is made for the purpose of making said bequests to charities exempt from all inheritance tax, transfer tax and estate tax and death duties of every kind.

This agreement and renunciation shall also constitute and be an agreement between myself and my nephews and niece named in sub-paragraphs marked "(1)", "(2)" and "(6)" of said paragraph marked "(b)" of said subdivision marked "Fourth" of the said Last Will and Testament of Roswell Eldridge, deceased, and the consideration therefor is my love and affection for them.

In Witness Whereof, I have hereunto set my hand and seal this 24th day of January, 1933.

[Signed] Louise U. Eldridge.
————————————————L.S.

104

Respondent, in determining the deficiency here in question, disallowed a deduction of $273,588, taken by petitioner as the value at the time of death of his decedent of the three bequests of $100,000, $250,000, and $50,000, above set out.

Section 303 (a) (3) of the Revenue Act of 1926 provides:

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

\*          \*          \* .          \*          \*          \*          \*

(3) The amount of all bequests, legacies, devices, or transfers, to or for the use of \* \* \* any corporation organized and operated exclusively for religious, charitable, scientific, literary or educational purposes, including the encouragement of art and the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private stockholder or individual \* \* \*.

Respondent contends that the bequests in question were contingent upon the failure of decedent's widow to exercise the power of appointment granted, and if now vested, are so only because of, and from the date of, the renunciation above set out, which was nearly six years after decedent's death. He argues that no vested remainder interest was taken by either of the charities on the death of decedent, and the matter is accordingly controlled by *Humes* v. *United States*, 276 U.S. 487, as the right to the deduction is determined by the conditions existing at that time. *Ithaca Trust Co.* v. *United States*, 279 U.S. 151.

Petitioner, on the other hand, contends that by the will of his decedent vested remainder interests were created in the several charities, under the law in New York State, subject to divestiture by the exercise of the power of appointment granted the decedent's widow. He relies upon *Matter of Lansing*, 182 N.Y. 238; 74 N.E. 882; *Matter of Haggerty*, 112 N.Y.S. 1017; affd., 194 N.Y. 550; *Matter of Haight*, 136 N.Y.S. 557; *Matter of Chapman*, 117 N.Y.S. 679; *Matter of Ripley*, 106 N.Y.S. 844; affd., 192 N.Y. 536; *Matter of Hoffman*, 146 N.Y.S. 898; affd., 212 N.Y. 604.

Petitioner further contends that upon the failure to exercise the power or upon the exercise of the power in favor of the party who would take the property in the event the power were not exercised, the property passes to the remainderman under the will, and with this we agree. *Matter of Lansing, supra; Estate of Helen M. V. Grant*, 13 B.T.A. 174. He argues, further, that decedent's widow, having the right to refuse the grant of the power (*Hill* v. *Sangamon L. & T. Co.*, 134 N.E. (Ill.) 112; *Tillett* v. *Nixon*, 104 S.E. (N.C.) 352), and having filed her formal renunciation, the legal effect is as if no such power had been granted by the will.

We agree that the effect in such case, *as to the remainderman*, in determining his right to possession or interest in the property upon the death of the life tenant, is as if the provision of the will granting the power had never been included. It is this question that the court has had for consideration in the cases cited by petitioner's counsel, and this must be kept in mind when considering the language of the courts in those cases holding that upon the refusal of a donee under a will to accept the gift the next party in interest takes as if the refused gift had never been made and his title relates back to the date of the death of the testator. *Albany Hospital* v. *Hanson*, 214 N.Y. 435; 108 N.E. 812.

In the present case, the question for consideration is not what interest will be received by the several charities as a result of the provisions of the will and the renunciation of the power of appointment nearly six years after decedent's death, but what interest was vested by the *decedent* by his will in these charities, *determined and valued as of the date of his death*. It is only the value of such interest that may be deducted under section 303 of the Revenue Act of 1926, set out above. This principle is most clearly stated by the late Chief Justice Taft in *Y.M.C.A.* v. *Davis*, 264 U.S. 47, as follows:

Congress was thus looking at the subject from the standpoint of the testator and not from the immediate point of view of the beneficiaries. It was intending to favor gifts for altruistic objects, not by specific exemption of those gifts but by encouraging testators to make such gifts. *Congress was in reality dealing with the testator before his death. It said to him " if you will make such gifts, we'll reduce your death duties and measure them not by your whole estate but by that amount, less what you give.* * * * [Italics supplied.]

In *Mississippi Valley Trust Co. et al., Executors*, 28 B.T.A. 387; affd., 72 Fed. (2d) 197, we said:

The so-called estate tax, by virtue of which this disputed deficiency arises, is not a succession tax, but an excise on the transfer of the decedent's estate *at his death*. The rights of the parties hereto are determined entirely by the will of decedent. They accrued finally when the will became effective, the date decedent died, December 18, 1929. *Knowlton* v. *Moore*, 178 U.S. 41, 57; *Y.M.C.A.* v. *Davis*, 247 U.S. 47; *New York Trust Co.* v. *Eisner*, 256 U.S. 345; *Ithaca Trust Co.* v. *United States*, 279 U.S. 151; *Edwards* v. *Slocum*, 264 U.S. 61.

In that case we held that if a power granted by the testator to make a gift, and exercised, resulted in the appointee taking as under the will, the estate so created did not constitute a gift to charity by the testator within contemplation of section 303 (a) (3) of the Revenue Act of 1926, because at the time of death, the certainty that any gift to charity would be affected could not be determined. On this point we said:

The deficiency here arises from a Federal estate tax act, which has its own criteria, irrespective of local law, *Weiss* v. *Wiener*, 279 U.S. 333, and is an excise on the transfer *from* decedent of rights extinguished by his death. It is

imposed at death and *before* the beneficiary receives the gift. So, continuing the logical development of judicial interpretation of this controlling statutory provision, every fact must have been known or ascertainable *then*, at the imposition of the tax, to bring the gift within the protection of the quoted section. *Knowlton* v. *Moore*, *supra; Y.M.C.A.* v. *Davis*, *supra; New York Trust Co.* v. *Eisner*, *supra; Ithaca Trust Co.* v. *United States*, *supra; Edwards* v. *Slocum*, *supra*. Cf. *Hadley* v. *Forsee*, 303 Mo. 418; 101 S.W. 59. It is immediately apparent that the exercise of a discretionary testamentary power of appointment could not satisfy this requisite.

In the cited case, we had the question of a power granted to make a gift. Here we have a power granted to defeat it. Our reasoning in that case that the necessary element of certainty, as of the date of decedent's death, that a charity would benefit through his will, precluded a deduction to his estate under section 303 (a) (3) of the Revenue Act of 1926, appears to apply with equal force to the situation here presented. We think, under the reasoning of *Y.M.C.A.* v. *Davis*, *supra*, the *testator must make certain his gift to charity* to entitle his estate to the claimed deduction.

Aside from the question of certainty, absent in the present case, it appears to us that even were it admitted that the rule of law contended for by petitioner's counsel, that vested estates in the several charities were created by decedent's will, it must be admitted that when so created and for more than five years thereafter, they were subject to divestiture by the exercise of the power granted decedent's widow. Applying the rule laid down in *Y.M.C.A.* v. *Davis*, *supra*, our inquiry is,·*What did the testator give?*, with the mandate of *Ithaca Trust Co.*, *supra*, that the gift be valued *as of the date of his death*, upon the facts then existing. The answer would necessarily be that he gave vested estates in certain amounts, all subject to complete divestiture by an individual in the exercise of her discretion. What was the value of such a gift, when given? What was its value at any time prior to the filing of the formal " renunciation " nearly six years later? We know of no basis upon which any value could be determined. Whether it would ultimately be worth anything depended upon future and uncontrollable events, either a purely voluntary renunciation of the power by the donee, or her voluntary refusal to exercise it in her will.

The estates granted these three charities, even if vested, had no determinable value for nearly six years, and then the value accrued to them from the act of decedent's widow in renouncing her power of appointment. Petitioner argues that, it having been the intention of the widow ever since decedent's death to carry out his wishes in reference to these charities, the chance of divestiture was so slight as not to affect the value of the vested estates. This argument does not impress us. The holding in *Ithaca Trust Co.* v. *United States*, *supra*, that the power granted the trustees to invade the corpus for

the benefit of the life tenant, in view of the size of the estate, could not be deemed to lessen the present value of the remainder interest, has no application here. In that case the extent to which the power could be exercised was measured by the necessities of support of an individual, something determinable with reasonable certainty, and in that case less than the actual income anticipated. The same situation existed in *First National Bank* v. *Snead*, 24 Fed. (2d) 186, where the same result was reached. In the present case we have no such condition. The power here under consideration was one which might be used to defeat absolutely the vesting in possession of the remainder interests, as granted by the testator, and, until renounced, was subject to exercise upon the unrestricted whim, caprice, or desire of an individual.

We sustain respondent upon his disallowance of the deductions taken by petitioner on account of the provisions of the will in respect to the three charities in question.

*Decision will be entered under Rule 50.*