Argued before WOODWARD, JENKS, RICH, and MILLER, JJ.

J. Fred. Bullwinkel, for appellant.

Melville J. France, for respondent.

JENKS, J. The judgment must be reversed, because the evidence is insufficient to support it. The action is upon a claim for board and attendance of the defendant's intestate for six years immediately preceding his death. It is alleged that the intestate agreed to pay $5 a week to the plaintiff. The case presented is that of a woman in very humble circumstances, chiefly dependent on the daily wages and contributions of her children, who lived in houses owned by the intestate, neither her relative nor her connection, boarded him at her table and attended upon him for 17 years without at any time asking or receiving or accepting from him the weekly board which he had agreed to pay, and yet regularly paying him $11 a month as rent for her apartment. There is no suggestion that at any time throughout all these years the intestate was unwilling or unable to pay under the alleged contract. Such a condition of relative living is to me inherently incredible, and there is no sufficient evidence to overcome the natural improbability of it. The alleged contract is not in writing, but is based upon the parol evidence of two daughters of the plaintiff; for of the two disinterested witnesses, one, a neighbor, testifies only to the fact that the intestate boarded with the plaintiff, and the other to the value of the board and attendance. The case offends the rule of Rosseau v. Rouss, 180 N. Y. 116, 121, 72 N. E. 916, and the authorities there cited and followed.

Judgment reversed and new trial granted before another referee, costs to abide the event. All concur.

---

(109 App. Div. 248.)

### In re HULL'S ESTATE.

(Supreme Court, Appellate Division, Second Department. November 17, 1905.)

TAXATION—ESTATES OF DECEDENTS—TRANSFER TAX—ASSESSMENT—APPEAL BY COMPTROLLER.

> Code Civ. Proc. § 2570, provides that an appeal to the Appellate Division may be taken from an order affecting a substantial right made by a surrogate in a special proceeding, and Laws 1896, p. 873, c. 908, § 229, as amended by Laws 1901, p. 380, c. 173, providing for jurisdiction of the Surrogate's Court in relation to the transfer tax, provides that the surrogate shall determine the amount of the tax, and that his decree awarding letters may contain any provision for the payment of the tax. *Held,* that the State Comptroller has a right to appeal from a surrogate's order reversing an order assessing a transfer tax.

Appeal from Surrogate's Court, Westchester County.

In the matter of the appraisal of the estate of Wager J. Hull, deceased, under the transfer tax acts. From an order of the surrogate reversing an order assessing a transfer tax, the State Comptroller appeals. Motion to dismiss the appeal. Motion denied.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

Joseph W. Middlebrook, for the motion.

Frank M. Buck, opposed.

WOODWARD, J. This motion to dismiss an appeal of the State Comptroller from an order made by the surrogate of Westchester county, reversing an order assessing a transfer tax, must be denied. The State Comptroller has a clear right of appeal in this case. The motion is made upon the grounds that the right to take such appeal does not exist, and that this court has not jurisdiction to hear and determine such appeal; the argument being based upon the theory that the power of taxation being vested in the legislative department, all of the acts of the surrogate under the provisions of the tax law are ministerial acts within the legislative scope, and that there can therefore be no right of appeal.

It is perfectly true, of course, that the power of taxation is one which belongs to the legislative department, and it is equally true that some of the functions of a taxing officer are ministerial; but it is well established by authority that in determining the value of the property assessed, the extent of claims to exemption, etc., the taxing officer or board acts judicially. McLean v. Jephson, 123 N. Y. 142, 149, 25 N. E. 409, 9 L. R. A. 493, and authority there cited; Stanley v. Supervisors of Albany, 121 U. S. 535, 550, 7 Sup. Ct. 1234, 30 L. Ed. 1000; City of New York v. McLean, 170 N. Y. 374, 383, 63 N. E. 380, and authorities there cited. To the extent that the surrogate acts judicially in determining the amount of tax to be imposed upon the privilege of receiving transfers of property, there can be no doubt that there is a right of appeal, according to the theory of the learned counsel for the relator; and it must be presumed upon this motion that the appeal relates to the judicial acts of the surrogate. This would be true upon principle, but it has been judicially held that, under the provisions of section 2570 of the Code of Civil Procedure, an appeal of this very kind might be taken to the Appellate Division of the Supreme Court. In Morgan v. Warner, 45 App. Div. 424, 60 N. Y. Supp. 963, the question was fairly raised that the court was not authorized to entertain the appeal; it being urged that a different mode had been provided. The court, after reviewing the question, say:

"But this appeal need not necessarily rest upon that single statute. If other statutes exist which are applicable thereto, they must be read in connection with the statutes; they together prescribing the mode of determination of this tax and also the mode of review. By section 2570 of the Code of Civil Procedure it is provided: 'An appeal to the Appellate Division of the Supreme Court may be taken from a decree of the Surrogate's Court or from an order affecting a substantial right made by a surrogate or by a Surrogate's Court in a special proceeding.' This proceeding would seem to come within the purview of that section, and the order made by the surrogate from which this appeal is taken, involving, as it does, a substantial right, may be reviewed under this section by the Appellate Division."

This view of the question was adopted by the Court of Appeals, which affirmed on the opinion of the court below. Morgan v. Warner, 162 N. Y. 612, 57 N. E. 1118.

A transfer tax is a tax upon the privilege of inheritance (Matter of Vanderbilt, 172 N. Y. 69, 73, 74, 64 N. E. 782, and authorities there cited), and the Legislature has very properly given jurisdiction to the Surrogate's Court, through which the estates of decedents must pass, to determine the amount of tax to be collected upon the property

which is distributed; and it would be strange, indeed, if a power of this kind, affecting the public revenues of the state, as well as the interests of beneficiaries under wills, should be left to the arbitrary power of the Surrogate's Court. The functions delegated to the Surrogate's Court are essentially judicial. Section 229 of the tax law (Laws 1896, p. 873, c. 908), as amended by chapter 173, p. 380, of the Laws of 1901, provides for the jurisdiction of the Surrogate's Court, and "upon the return of the citation the surrogate shall determine the amount of the tax which may be or become due under the provisions of this article, and his decree awarding the letters may contain any provision for the payment of such tax or the giving of security therefor which might be made by such surrogate if the county treasurer or State Comptroller were a creditor of the decedent"; that is, the estate of the decedent stands charged with the tax, which is to be paid presently. Matter of Vanderbilt, page 74 of 172 N. Y., page 783 of 64 N. E. It is a condition upon which the state permits the acquisition of property by devise or descent that this tax shall be paid out of the property which is to be acquired (Matter of Vanderbilt, supra), and this naturally falls within the jurisdiction of the Surrogate's Court, which is charged with the duty of watching over the administration of the estates of deceased persons. It is a special proceeding, in connection with the lawful devolution of property under our statutes, where the comptroller, representing the people of the state, appears as a necessary party (Matter of Arnett, 49 Hun, 599, 2 N. Y. Supp. 428), and the provisions of section 2570 of the Code of Civil Procedure are directly applicable (Morgan v. Warner, supra).

The motion to dismiss the appeal in this matter should be denied, with costs. All concur.