### HUBBARD v. J. P. LEWIS CO.

(Supreme Court, Appellate Division, Fourth Department. November 11, 1908.)

1. PAYMENT (§ 5*)—DEFENSES—GOOD FAITH.

That a debtor is aware that his creditor is indebted, or that judgments have been obtained against him, does not affect the good faith of payments on his own indebtedness made either directly to his creditor or upon his creditor's order, unless shown to have been made to defeat some right of the payee's creditors to the particular claim which the latter had acquired, and of which the debtor had notice.

[Ed. Note.—For other cases, see Payment, Dec. Dig. § 5.*]

2. EXECUTION (§ 409*) — SUPPLEMENTARY PROCEEDINGS—RECEIVERS—TITLE TO AND POSSESSION OF PROPERTY.

Code Civ. Proc. § 2468, vesting a receiver in supplementary proceedings with the property of the judgment debtor from the time of his appointment, and section 2469, providing that, when the receiver's title has become so vested, it also extends back by relation for the benefit of the judgment creditor in whose behalf the proceeding was instituted, extend a receiver's title back by relation for the benefit of the judgment creditor alone in whose behalf the proceeding is instituted, and not for the benefit of all creditors who may subsequently have such receivership extended for their benefit.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1179; Dec. Dig. § 409.*]

Appeal from Trial Term, Lewis County.

George S. Hubbard was appointed receiver of Henry M. Todd and Bertram W. Brown in proceedings supplementary to execution on a judgment recovered by Edgar Jones and others against Todd and Brown, and, from a judgment recovered by him against the J. P. Lewis Company, it appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

W. S. Van Allen, for appellant.
H. M. Wilbur, for respondent.

ROBSON, J. Plaintiff was appointed receiver of the property of Henry M. Todd and Bertram W. Brown by an order duly granted, which was filed and entered in Lewis county clerk's office February 14, 1905, and on the 15th of that month he duly qualified as such receiver. This appointment was made in proceedings supplementary to execution upon a judgment recovered by Edgar Jones et al. against the said Todd and Brown January 30, 1905, for the sum of $198.56. Copy of the affidavit and order in these supplementary proceedings was served upon the judgment debtor, Brown, February 2, 1905, and upon Todd, the other debtor, February 6, 1905. A copy of this order and affidavit was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

also served upon the J. P. Lewis Company, the defendant in this action, February 3, 1905. By subsequent orders plaintiff's receivership was duly extended in separate proceedings supplementary to execution upon three other judgments against Todd and Brown. These orders were granted about February 24, 1905, and the proceedings in which they were granted were begun not earlier than February 21, 1905.

The referee has found upon sufficient evidence that at the time the copy of papers in proceedings supplementary to the execution on the Jones judgment was served upon Brown and the J. P. Lewis Company there was due from and payable by the J. P. Lewis Company to Todd and Brown the sum of $749.83. This amount was the balance unpaid on a contract for cutting timber which Todd and Brown had at that time substantially completed. Between the date of the service of copy of the affidavit and order in the supplementary proceedings on the Jones judgment on Brown and the J. P. Lewis Company, before recited, and the 8th day of February, 1905, the J. P. Lewis Company paid out for Todd and Brown to creditors of the latter sums aggregating $693.57. These amounts were charged to Todd and Brown's account by the J. P. Lewis Company, and were paid apparently in continuance of an agreement between the parties, which had been followed for some time prior to that date, by which the Lewis Company agreed to pay on like orders the wages of persons who were employed for Todd and Brown on this timber contract, or for supplies furnished for Todd and Brown in connection therewith. There are included in this total amount paid by the Lewis Company two items, one of $30 and one of $50, which are not for wages or supplies or paid on the direct order of Todd or Brown; but the evidence shows that all items charged to their account were paid by the Lewis Company for their benefit and pursuant to the prior understanding and agreement of the parties. The referee has declined to allow the Lewis Company credit for any of these payments, and has held that plaintiff is entitled to recover of the defendant the full sum found by him to have remained unpaid on the contract at the date of the service of the order in supplementary proceedings on the execution issued on the Jones judgment.

The title of a receiver appointed in such proceedings to the property of a judgment debtor and the time when it vests is specified and governed by sections 2468 and 2469 of the Code of Civil Procedure. By section 2468 the property of a judgment debtor is with two exceptions not now material to consider vested in a receiver, who has duly qualified, from the time of filing the order appointing him, or extending his receivership, as the case may be. As provided in the following section, when the receiver's title to personal property has become vested, as prescribed in the preceding section, it also extends back by relation, for the benefit of the judgment creditor in whose behalf the special proceeding was instituted, so as to include the personal property of the judgment debtor at the time of the service of the order requiring him to attend and be examined. At the time the order appointing plaintiff receiver was filed, defendant had paid out pursuant to agreement with Todd and Brown in satisfaction of the latter's indebtedness all but about $56 of the amount which defendant owed Todd and Brown on the timber contract at the time of the service of the order for their ex-

amination in the Jones supplementary proceedings. From the fact that a copy of the affidavit and order in these proceedings was served on the defendant prior to these payments, it may be that, as to the claim on the Jones judgment, defendant had notice thereof, and that these payments may not be considered as made in good faith and without notice so far as the rights of the owners of that claim are concerned. But they were all made before any proceedings supplementary to execution were begun on any of the other judgment claims against Todd and Brown. We fail to find in the record any evidence that defendant knew of these other claims, except possibly the Buckley judgment, and no evidence whatever that the payments by defendant on the account of Todd and Brown were not made in good faith, and without notice as to these claims. The mere fact that a debtor is aware that his creditor is indebted, even largely, or that judgments have been obtained against him, should not affect the good faith of payments on his own indebtedness made by him either directly to his creditor, or upon his creditor's order; unless, at least, it was shown that such payments were made for the purpose of defeating some right of the debtor's creditors to this particular claim, which the latter had acquired and of which the debtor had notice.

Under section 2469 the receiver's title to the judgment debtor's property extends by relation back to the date of service of the order for the latter's examination not for the benefit of all creditors who may subsequently have such receivership extended for their benefit, but, as the section expressly provides, it is for the benefit of the judgment creditor in whose behalf the special proceeding was instituted.

We conclude, therefore, that the receiver in this action was at most entitled to recover judgment against defendant only to the extent of the claim upon which the proceedings were instituted in which he was first appointed, together with the proper costs and allowances therein.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.