### In re MORGAN'S ESTATE.

(Surrogate's Court, New York County. May 13, 1914.)

**1.** TAXATION (§ 900*)—TRANSFER TAX—ERRONEOUS ASSESSMENT—RELIEF.

Where the affidavit filed by an executor with the transfer tax appraiser described the individual property of testatrix, and in addition thereto the corpus of three trust estates, over two of which she had the power of appointment, which power had been. exercised in favor of the persons who would have taken in the absence of any appointment, the question of the right to tax the corpus of those two funds was submitted to the appraiser, and his determination that they were taxable, when approved by the surrogate, could be corrected only by appeal as provided by Transfer Tax Law (Consol. Laws, c. 60) § 232, and not by a motion to modify the surrogate's order, even after the appellate courts had held in other cases that such funds were not taxable.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1722, 1723; Dec. Dig. § 900.*]

**2.** TAXATION (§ 900*)—TRANSFER TAX—ERRONEOUS ASSESSMENT—RELIEF.

Where no question of law was raised for determination by the transfer tax appraiser as to the taxation of a trust fund over which a testatrix had no power of appointment, and a tax on such fund was imposed through a mistake of fact, the surrogate may correct such mistake even though no appeal was taken and more than two years had elapsed since the filing of the order approving the tax, under Code Civ. Proc. § 2481, subd. 6, giving the surrogate power to modify an order of his court in the same manner as a court of record might do.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1722, 1723; Dec. Dig. § 900.*]

**3.** TAXATION (§ 900*)—TRANSFER TAX—ERRONEOUS ASSESSMENT—RELIEF.

Where no application was made to modify such order for six years after it was entered, and after the executor received notice thereof, and no satisfactory excuse for the delay was given, an application for the modification of such order will be denied.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1722, 1723; Dec. Dig. § 900.*]

Application by the executor of the estate of Annie Cole Morgan for the modification of an order of the Surrogate's Court assessing a transfer tax on the estate. Application denied.

Evarts, Choate & Sherman, of New York City (George L. Kobbe and Herbert J. Bickford, both of New York City, of counsel), for petitioner.

Thomas E. Rush, of New York City (Thos. A. S. Beattie, of New York City, of counsel), for State Comptroller.

FOWLER, S. This is an application by the executor of decedent's estate to modify an order of this court which assessed a transfer tax upon the estate and to exempt from taxation the corpus of certain trust funds. The decedent, who was a resident of New York, died on the 11th of June, 1903. Upon the petition of her executor an appraiser was designated by this court on the 9th of October, 1903, to appraise her estate in accordance with the provisions of the Transfer Tax Law (Consol. Laws, c. 60, §§ 220–245). Thereafter the executor filed with the appraiser an affidavit which contained, among other things, a description of the property of which the decedent died seized and possessed. It also contained a description of certain property constituting

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the corpus of trust funds over which the decedent had a power of appointment, and the corpus of a trust fund of which the decedent was the cestui que trust, but over which she had no power of appointment. One of the trust estates was created by the will of Ann E. Hamilton, which was construed by a judgment of the Supreme Court of the state of New York, dated January 13, 1862. It was then adjudged that the decedent herein was entitled to the income from the trust fund during her life and that the corpus should be paid to such person or persons as the decedent by her last will and testament should appoint, and in default of appointment, that it should be paid to her issue per stirpes. This trust fund was appraised at $17,445.70. Another trust fund, which consisted of personal property valued at $15,190.30, was created by a deed executed on December 4, 1862, by the decedent herein to Charles F. Southmayd as trustee. The deed provided that the income from the fund should be paid to the decedent during her life and upon her death that the corpus should be paid to such persons as she should appoint by her will and in the event of her failure to make such appointment that the corpus should be paid to her issue per stirpes. The other trust estate, consisting of real and personal property valued at $74,-038.35, was created by a deed executed by Matthew Morgan on the 16th of February, 1860, which provided that the net income be paid to the decedent during her life and that the corpus of the trust fund be paid to her issue per stirpes. The executor contended before the appraiser that these trust funds were not subject to taxation under the provisions of the Transfer Tax Law. The appraiser, however, reported that the property constituting the corpus of the various trust funds was subject to a transfer tax. An order assessing a tax upon the decedent's estate in accordance with the finding of the appraiser was made by this court on the 16th of March, 1908. No appeal was taken from the order. The decedent owned certain property in her own right, and the tax assessed upon this property was paid to the State Comptroller, but the tax assessed upon the various trust funds has not been paid.

[1] The executor's affidavit, which was filed with the appraiser and which contained a description of her individual property as well as that constituting the corpus of the trust funds, was made on the 23d of May, 1907. At that time it had not been decided by the appellate courts of this state that, when the instrument conferring a power of appointment gave to the donee the power to appoint and then provided for other disposition of the property in the event of the failure of the donee to make such appointment, the exercise of the power in favor of the same parties who would take in the event of the failure of the donee to make the appointment rendered the transfer exempt from taxation. This court, in the Matter of Haggerty (N. Y. Law Journal, April 18, 1908) and Matter of Lewis (N. Y. Law Journal, June 27, 1908), decided that the property transferred under those circumstances was subject to a tax. These cases, however, were reversed by the Appellate Division in November, 1908 (Matter of Haggerty, 128 App. Div. 479, 112 N. Y. Supp. 1017; Matter of Lewis, 129 App. Div. 905, 113 N. Y. Supp. 1136), and the Court of Appeals in January, 1909, affirmed the orders of the Appellate Division. As the affidavit of the executor was filed with the appraiser before these cases were decided,

the question of the taxation of the property over which the decedent exercised the power of appointment was necessarily submitted to him, and his finding that such property passed by virtue of the exercise of the power of appointment constituted a determination upon that question. The order entered by this court upon his report confirmed his finding and assessed a tax upon the property over which the decedent exercised the power of appointment. If the executor or the legatees were dissatisfied with the finding of the appraiser or the order of the court entered thereon, they could have appealed in the manner provided by section 232 of the Transfer Tax Law. The appeal could have been taken at any time within 60 days after the entry of the order fixing tax. The order was entered on the 16th of March, 1908, and notice of the assessment of the tax was mailed to each of the legatees on April 5, 1908.

As the decedent had her domicile in the state of New York and died a resident of New York county, the surrogate had jurisdiction to designate an appraiser to appraise her estate and to assess a tax upon the transfer of her property. The Tax Law in force at the date of decedent's death provided that, when a person exercised a power of appointment derived from any disposition of property, "such appointment when made shall be deemed a transfer, taxable under the provisions of this act in the same manner as if the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will." If the decedent exercised the power of appointment over the property constituting the corpus of the various trust funds, such exercise of the power of appointment would be taxable in the same manner as if the property belonged absolutely to her. She did exercise the power, and it has not yet been judicially determined that the property constituting the corpus of two of the trust funds was not transferred by virtue of the exercise of the power. That question is not now before the court for determination. If it were, the decision in the Matter of Haggerty, supra, would be controlling. But in the absence of a judicial determination that the property was not transferred by virtue of the exercise of the power of appointment, and in view of the finding of the appraiser that the property was so transferred, the surrogate had jurisdiction to make the assessment contained in his order. The decisions of the courts of this state seem to hold that, when a question is litigated before the appraiser or when conflicting contentions are presented to him for determination, his finding and the order of the Surrogate's Court entered thereon constitute a determination upon such questions which can only be reviewed by appeal. Matter of Lowry, 89 App. Div. 226, 85 N. Y. Supp. 924; Matter of Barnum, 129 App. Div. 418, 114 N. Y. Supp. 33; Matter of Meyer, 209 N. Y. 386, 102 N. E. 713. But if the question is not litigated before the appraiser or if his finding is the result of a mutual mistake of fact or of law, then the Surrogate's Court may, under subdivision 6 of section 2481 of the Code, vacate or modify its order, although no appeal was taken therefrom. Morgan v. Cowie, 49 App. Div. 612, 63 N. Y. Supp. 608; Matter of Townsend, 153 App. Div. 85, 138 N. Y. Supp. 191; Matter of Silliman, 175 N. Y. 513, 67 N. E. 1090; Matter of Scrimgeour, 175 N. Y. 507, 67 N. E. 1089. In the Matter of Townsend, supra, the New York

Exchange for Women's Work was a legatee under the will of the decedent. No evidence was submitted to the appraiser which would enable him to determine whether the legatee was entitled to exemption from taxation. The question was not litigated before him and he assessed a tax upon the legacy. The Appellate Division held that the surrogate could modify his order so as to exempt from taxation the bequest to the New York Exchange for Women's Work. The judge who wrote the prevailing opinion, however, said:

"If the question had been raised and litigated before the appraiser or the surrogate, a different question would have been presented and I should have been disposed to agree that petitioner's only remedy was by appeal."

As the question whether the property constituting the corpus of the trust funds was transferred by virtue of the exercise of the power of appointment or under the respective trust deeds was presented to the appraiser for determination, and his finding was confirmed by the order of this court, it would appear that the only way by which the executor or the legatees could have the order reviewed was by appeal. In the matter of Backhouse, 110 App. Div. 737, 96 N. Y. Supp. 466, the facts are almost similar to those in the matter under consideration, but it does not appear from the record of that case that the question as to whether the property passed by virtue of the exercise of the power of appointment was presented to the appraiser for determination. This important point distinguishes the Matter of Backhouse from the matter now before me.

[2] The trust fund over which the decedent did not have the power of appointment, but which passed to her issue by virtue of the provisions of the deed of trust executed on the 16th of February, 1860, did not constitute any part of her estate and should not have been included therein. No question of law in regard to the transfer of this property was presented to the appraiser for determination. The inclusion of this trust fund in the taxable assets of decedent's estate was a mistake of fact which could be corrected by the surrogate, although no appeal had been taken from the order and the time to appeal had expired. The surrogate has the power under subdivision 6 of section 2481 of the Code to correct such a mistake, although more than two years have elapsed since the entry of the order. Matter of Henderson, 157 N. Y. 423, 52 N. E. 183.

[3] But the circumstances of this case do not seem to warrant the exercise of the surrogate's discretion in favor of the petitioner. The order fixing tax was entered on the 16th of March, 1908, and notice of the assessment was mailed to the legatee on the 5th of April, 1908. The petitioner has waited six years before making this application and no sufficient or justifiable excuse is given for the delay. Judicial decisions should import some degree of finality and a determination which has been allowed to stand for six years should not be set aside or modified unless satisfactory reasons are given for the failure to apply at an earlier date for such modification. I do not think that the moving papers in this matter show the existence of such reasons, and I will therefore deny the application.

Application for a modification of the order fixing tax denied. Settle order on notice.