## In re MORGAN. (No. 6407.)

(Supreme Court, Appellate Division, First Department. November 20, 1914.)

1. TAXATION (§ 878*)—TRANSFER TAX—RIGHTS UNDER POWER.

Where testatrix had a life interest in trust estates with power of appointment, and the trust deeds provided that in case of failure to exercise the power, the property should go to her issue equally, her children take by virtue of the original instrument, and not by testatrix's appointment, where she appointed to them the same shares that they would otherwise have had, and their shares are not subject to transfer taxes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701; Dec. Dig. § 878.*]

2. TAXATION (§ 895*)—TRANSFER TAXES—APPRAISAL.

The appraiser has no express statutory authority to demand a verified statement of property claimed to be exempt from transfer taxes.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

3. TAXATION (§ 904*)—TRANSFER TAXES—ERRONEOUS ASSESSMENT—RELIEF.

Transfer taxes, imposed by the court without jurisdiction, may, when paid, be recovered back by independent action.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1727; Dec. Dig. § 904.*]

4. TAXATION (§ 892*)—TRANSFER TAXES—JURISDICTION.

Where a verified statement of the property of a decedent showed that certain property was not subject to transfer taxes, and there was no question of fact involved, both the appraiser and the surrogate are without jurisdiction to assess such taxes, and a judgment imposing them is void.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1713; Dec. Dig. § 892.*]

5. TAXATION (§ 900*)—TRANSFER TAXES—ERRONEOUS ASSESSMENT—RELIEF.

Where a transfer tax has been imposed through an error of law, the party prejudiced has a remedy by motion to correct the order, and is not confined to taking an appeal.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1722, 1723; Dec. Dig. § 900.*]

Appeal from Order of Surrogate, New York County.

Application by the executor of Annie C. Morgan for the modification of an order of the Surrogate's Court assessing a transfer tax on the estate. From an order of the surrogate (85 Misc. Rep. 682, 147 N. Y. Supp. 685), denying the application, applicant appeals. Order reversed, and application granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert J. Bickford, of New York City (George L. Kobbe, of New York City, on the brief), for appellant.

Ellwood M. Rabenold, of New York City, for respondent state comptroller.

LAUGHLIN, J. The order which the appellant moved to modify was made on the 16th day of March, 1908, and the motion to modify it was made March 27, 1914. The tax, in so far as it is involved in the application made by the appellant for a modification of the order, was

imposed upon the theory that certain interests passed to three surviving children of the testator by virtue of the exercise by her of powers of appointment.

The motion relates to three separate trusts or property interests. The surrogate was of opinion that, inasmuch as two of the interests went by virtue of the exercise of the powers of appointment to the same parties and in the same proportions as the property would have gone, had not the powers of appointment been exercised, it passed to the three children of the testator, not from or through her, but under the original instruments, and that therefore they were not taxable as transfers of her estate, and that with respect to the third interest she had no power of appointment, and made no express specific attempt to exercise a power of appointment, and the tax was imposed through a mistake, as the property passed to the children by virtue of a deed of trust executed by her husband. The surrogate, however, denied the motion on the ground that with respect to the two interests, concerning which the testatrix clearly attempted to exercise powers of appointment, the question as to whether those interests passed by virtue of the powers of appointment was presented to the tax appraiser for determination, and that the remedy of the appellant was to appeal from the order of the surrogate confirming the determination of the tax appraiser (see section 232, Tax Law [Consol. Laws, c. 60]), and that the surrogate is now without power in the premises, and that with respect to the third interest the appellant was guilty of laches in failing to make the motion for about six years.

[1] The first of the three interests came from the will of Ann E. Hamilton, the mother of the testatrix, and in an action in the Supreme Court, the nature of which is not stated, a judgment was entered January 30, 1862, directing that it be given to a designated trustee to apply the income to the use of the testatrix for her life, and providing that the corpus was subject to a power of appointment by her to her issue, but that, on her failure to exercise the power of appointment, it was to go to her surviving issue in equal shares. She left three children, and by her will she appointed it to them, the same as they would have taken it if she had not exercised the power of appointment. With respect to that interest, it is clear, as stated by the surrogate, that the children of the testatrix took by virtue of the original devise and under the judgment of this court in said action, and not by virtue of the power of appointment. Matter of Lansing, 182 N. Y. 238, 74 N. E. 882; Matter of Haggerty, 128 App. Div. 479, 112 N. Y. Supp. 1017, affirmed 194 N. Y. 550, 87 N. E. 1120; Matter of Hoffman, 161 App. Div. 836, 146 N. Y. Supp. 898.

The second interest came from a deed of trust made by the testatrix December 4, 1862, by which she was to receive the income for life, and the principal was to pass to such person or persons as she should appoint by her last will, and in the event of her failure to so appoint to her surviving issue in equal shares. By her will she appointed this to go in the same manner as by the deed of trust, and therefore, under the authorities cited, it is clear that the children take by virtue of the deed of trust, and not under the appointment.

The testatrix merely had a life estate in the third interest by virtue

of a deed of trust made by her husband February 16, 1864, and her children took the remainder thereunder, and she had no power of appointment with respect thereto.

It is therefore clear that with respect to all three interests the children did not take from their mother, or by virtue of the exercise of any power of appointment by her. The only notice of the appraisal by the tax appraiser given to three children of the testatrix, among others, was to the effect that he would appraise *the property of the testatrix* subject to the payment of a transfer tax.

[2] The appellant presented to the tax appraiser an affidavit, showing, among other things, an itemized statement of these three trusts; but with respect to the first two he pointedly stated in the affidavit that, since the powers of appointment gave the property to the same parties and in the same proportions as under the original instruments, they took under the latter, and with respect to the third trust he pointedly stated that they took under the deed of trust. There is no express provision of law requiring such an affidavit, but presumably it was presented pursuant to a demand from the tax appraiser, who by virtue of section 280 of the Tax Law is authorized to examine witnesses and to determine the value of the property of a decedent passing to heirs or next of kin in the case of an intestate or under a will.

It had been decided prior to that time by the Court of Appeals in Matter of Lansing, supra, that in such circumstances the beneficiary takes by virtue of the original instrument and not by virtue of the power of appointment, and the same rule was reaffirmed in Matter of Haggerty, 128 App. Div. 479, 112 N. Y. Supp. 1017, affirmed 194 N. Y. 550, 87 N. E. 1120, after the filing of the affidavit. It appears that neither the executor nor his attorney had notice of the order of the surrogate confirming the determination of the tax appraiser, until long after the time to appeal therefrom had expired.

[3-5] In making the motion to modify the order, and on the appeal, the executor contended that both the tax appraiser and the surrogate were without jurisdiction to impose a tax on these interests, inasmuch as there was no question of fact involved, and on the uncontroverted facts as matter of law the children took nothing so far as these interests are concerned from the testatrix. The children of the testatrix are, of course, concluded by the determination of the tax appraiser as confirmed by the surrogate, with respect to the value and the tax on any property they took by virtue of their mother's will, but not so, we think, with respect to any of the three interests in question which they did not take under her will. It has been held with respect to property passing under a will, which is not subject to the transfer tax, that there is no jurisdiction to impose the tax, and that it should be refunded after having been paid. Matter of Coogan, 27 Misc. Rep. 563, 59 N. Y. Supp. 111, affirmed 45 App. Div. 628, 61 N. Y. Supp. 1144; Coogan v. Morgan, 162 N. Y. 613, 57 N. E. 1107.

The surrogate concedes that in Matter of Backhouse, 110 App. Div. 737, 96 N. Y. Supp. 466, affirmed 185 N. Y. 544, 77 N. E. 1181, where it was held that there was authority to modify the order fixing the tax, the facts were the same as those in the case at bar, with the ex-

ception that he claims that the effect of the affidavit of the executor here was to tender an issue to the tax appraiser as to whether these interests passed by virtue of the powers of appointment, and he says that no such issue was tendered in the Backhouse Case, so far as appears from that case. We are of opinion that no issue was tendered, since the affidavit was unequivocal that the children took by virtue of the original instruments. Moreover, the tax appraiser was without power to decide that he had jurisdiction, where as matter of law on the uncontroverted facts he was without jurisdiction. It has also been held that, where a transfer tax has been imposed through an error of law, the party prejudiced has a remedy by motion to correct the order, and is not confined to taking an appeal. Matter of Silliman, 79 App. Div. 98, 80 N. Y. Supp. 336, affirmed 175 N. Y. 513, 67 N. E. 1090.

We are of opinion that the learned counsel for the appellant is right in his contention that the tax appraiser and the surrogate were without jurisdiction in this proceeding to tax property that did not pass to the children of the testatrix by virtue of her will, and that, therefore, the motion should not have been denied, either on the ground that the appellant confessed jurisdiction by presenting the affidavit or upon the ground of laches.

It follows that the order should be reversed, and the motion for a modification of the order confirming the determination of the tax appraiser with respect to the value of the three interests in question, and fixing the transfer tax thereon, by eliminating those provisions therefrom, should be granted, with $10 costs and disbursements. All concur.