Matter of the Examination of THE WESTERN SAVINGS
BANK, Third Party, in Proceedings Supplementary
to Execution upon the Application of CALOGERO
DIGONDOLFO, Judgment Creditor, under a Judgment
Recovered in an Action Entitled: County Court,
Erie County; CALOGERO DIGONDOLFO, Plaintiff, *v.*
ANTONINA MAILA, as Treasurer of Congrega di
Maria SS. Del Soccoroso, an Unincorporated Asso-
ciation Consisting of Seven and More Persons,
Defendant.

(County Court, Erie County, February, 1920.)

Receivers — supplementary proceedings — extension of receiver-
ship — associations — judgments — bankruptcy — accounting.

After the entry of judgment in favor of the receiver in
proceedings supplementary to execution, of an unincorporated
benefit association, to recover funds belonging to it, the receiv-
ership was extended to cover another judgment which, in the
meantime, had been recovered against the association, which
subsequently was adjudged an involuntary bankrupt. In a
litigation as to the right of the first judgment creditor to have
his judgment paid, the bankruptcy court decided, that as the
supplementary proceedings had been instituted upon said judg-
ment more than four months prior to the filing of a petition
in bankruptcy, the property in the hands of the receiver, to
the amount of said judgment and costs, had become vested in
him and that the residue of the funds, if any, was subject
to distribution in the bankruptcy court. *Held*, that the order
extending the receivership having been granted less than four
months prior to the adjudication in bankruptcy, this court,
upon the settlement of the accounts of the receiver, had no
power to grant an order directing that any balance remaining
in his hands, after payment of the first judgment and costs,
should be applied on the second judgment to which the receiver-
ship had been extended.

SUPPLEMENTARY proceedings.

Frank A. Miceli, for James V. Campagna, as receiver.

Donnelly, O'Neil & Lindal (Leo F. Donnelly, of counsel), for Samuel Belliotti, a judgment creditor.

NOONAN, J.   The Congrega di Maria SS. Del Soccoroso was an unincorporated association consisting of seven or more persons connected with one of the Italian Roman Catholic churches of the city.   Its members paid certain dues and assessments, and in return were entitled to certain death benefits.   The abnormal death rate in the fall of 1918 brought it into financial difficulties and there were not enough assets belonging to the society to pay the death claims against it.   The above-named judgment creditor, Calogero Digondolfo, obtained a judgment against the society on December 14, 1918, filed a transcript thereof in the Erie county clerk's office and obtained a third party order in supplementary proceedings for the examination of the Western Savings Bank, in which institution the funds of the society were deposited, and on March 15, 1919, pursuant to said proceedings James V. Campagna was appointed a receiver of the assets and of the property of the society, and on March 17, 1919, said receiver duly qualified and entered upon the discharge of his duty.   On March 13, 1919, the society made an assignment for the benefit of creditors.   After his appointment the receiver demanded the assets from the Western Savings Bank, and upon its refusal to deliver the same he was authorized to commence an action against the bank, which he did by serving a summons and complaint upon the bank on April 7, 1919.   On April 22, 1919, by an order of interpleader, Rosie Geraci was substituted as the defendant in place of the savings bank.   The case proceeded to trial and on December 31, 1919, decision was rendered in favor of

the receiver, and a judgment entered upon said decision on January 3, 1920.

In the meantime another creditor, Samuel Belliotti, had obtained a judgment against the society and an order in supplementary proceedings issued upon his judgment was served upon the society on March 18, 1919, and thereafter on March 24, 1919, an order was made extending the receivership under the Digondolfo judgment to cover the Belliotti judgment, and on July 12, 1919, the society, in an involuntary proceeding, was duly adjudged bankrupt in the United States District Court for the Western District of New York. In the bankruptcy court an order was obtained restraining the receiver from paying the Digondolfo judgment, and the question as to the right of Digondolfo to have his judgment paid was litigated before Judge Hazel of the United States District Court, who decided that inasmuch as the supplementary proceedings had been instituted more than four months prior to the filing of the bankruptcy petition the property in the hands of the receiver under the Digondolfo judgment had become vested to the amount of the judgment debt and costs, and that the residue of the funds, if any, was subject to distribution in the bankruptcy court.

The receiver filed his account and is asking for an order approving, settling and confirming the same, and for a direction to pay the Digondolfo judgment with the costs and disbursements incurred therein for the prosecution of the action, and for such an allowance for his own commissions and attorney's fees as the court may deem just and proper. The amount to be paid in satisfaction of the Digondolfo judgment is found to be $284.77. The allowance to the receiver for his commissions and attorney's fees is $45.17, leaving a balance of $100 to be paid out to those lawfully entitled to receive the same.

The attorney for Samuel Belliotti claims that he is entitled to have this money paid upon his judgment because of the fact that the receivership obtained in the Digondolfo judgment had been extended to cover the Belliotti judgment, and the real question before the court is whether or not it may lawfully direct the balance in the hands of the receiver to be applied on the Belliotti judgment.

I think the court is without power to make the order because the order extending the receivership to cover this judgment was granted less than four months prior to the time when the society was adjudicated a bankrupt. Even though the title to the property in the hands of the receiver extends back by relation to the time of granting the order in supplementary proceedings under the first judgment obtained against the society this will not give Belliotti any greater rights than he could have obtained had his order been the first one served, and the receiver appointed under such order.

The order in supplementary proceedings in the Belliotti judgment, and the order extending the receivership to cover the same were both obtained less than four months prior to the adjudication in bankruptcy and consequently any rights that he obtained thereunder are lost by the bankruptcy court taking jurisdiction of the property of the society. Surely it cannot be argued that Belliotti could obtain any greater rights under an extension of receivership than he could have obtained had the receiver been appointed on proceedings upon his own judgment. In reaching this conclusion I think I am sustained by the case of *Hubbard* v. *Lewis Co.,* 128 App. Div. 419, where the court says: " Under section 2469 the receiver's title to the judgment debtor's property extends by relation back to the date of service of the order for the latter's

County Court, Saratoga County, February, 1920. [Vol. 110.

examination, not for the benefit of all creditors who may subsequently have such receivership extended for their benefit, but, as the section expressly provides, **it is for the benefit of the judgment creditor in whose behalf the special proceeding was instituted.''**

Ordered accordingly.