In the Matter of the Estate of Elizabeth Pauline Dunne, Also Known as Elizabeth P. Dunne, Deceased.

Surrogate's Court, Kings County, January 19, 1931.

*John P. Carroll* [*Joseph Epstein* of counsel], for the executrix.

*Harry M. Peyser*, for State Tax Commission.

Wingate, S. The questions here presented for determination are raised by the affidavit and notice of motion of the executrix of the will of Elizabeth P. Dunne, who seeks an order vacating a former decree of this court fixing the transfer tax upon this estate, and for a further order remitting the appraiser's report for correction " on the ground that the valuation placed upon the decedent's stock was submitted by mistake, and that the said values are

excessive and unwarranted, and that · they are contrary to the provisions of section 122 of the Decedent Estate Law, and article 38 of the Transfer and Estate Tax Regulations."

The alleged improper valuation affects five out of nine items of corporate stock owned by the decedent.

Testatrix died in Brooklyn on October 19, 1929, leaving a will, which was duly probated in this court on December 19, 1929. This will bequeathed the entire estate to Mary Louise Dunne, the moving party herein, and appointed her sole executrix.

The executrix having duly petitioned therefor, this court, by order dated February 20, 1930, appointed an appraiser in transfer tax proceedings, and thereafter, on April 16, 1930, the executrix filed with the appraiser the usual schedules and supporting affidavits. The former were verified by the executrix and sole legatee and contained the customary sworn statement that " the value shown for each item of property listed herein is the actual and full value at the time of the decedent's death." Supplementary to these schedules, the executrix submitted an affidavit sworn to by one Charles J. Raleigh, a member of the brokerage firm of Schuyler, Chadwick & Burnham of 100 Broadway, New York city, giving the valuations of the several stocks enumerated in the schedules at the same figures sworn to by the executrix. This affidavit further stated: " That the amounts hereinafter set forth are the fair and reasonable value of said stock on the 19th day of October, 1929, the date of death of the decedent herein."

After due notice, the appraiser fixed the value of this property at the figures sworn to by the executrix and sole legatee and confirmed by the affidavit of her expert. On July 9, 1930, the usual *pro forma* order was entered confirming the report of the appraiser and fixing the tax. It inferentially appears that this order was entered on motion of the attorney for the executrix as it is contained in one of his legal books.

The motion papers herein were served on December 16, 1930. As more than sixty days had elapsed since the entry of the taxing order on July ninth, it is apparent that the relief by appeal provided by section 232 of the Tax Law (as amd. by Laws of 1921, chap. 476) was, at this time, no longer available. This fact is tacitly conceded, as the argument of the moving party is based solely on the provisions of subdivision 6 of section 20 of the Surrogate's Court Act, which reads as follows:

"A surrogate, in or out of court, as the case requires, has power:

\*      \*      \*      \*      \*      \*      \*      \*

" 6. To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; or to grant a new trial

or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers."

This provision is a continuation through section 2490 of the later code and section 2481 of the earlier one, of part 3, chapter 2, title 1 of 2 Revised Statutes, 221, the provision throughout remaining substantially unchanged.

It was noted in *Matter of Henderson* (157 N. Y. 423, at p. 426): "All courts, from their very nature and the object of their existence, must possess some inherent power, and the correction of their own records, when affected by some mistake or clerical error, would seem to be about as mild an exercise of such power as can well be imagined. This power is recognized and perhaps regulated by various statutes, but it does not proceed from or rest upon statutes, since it would exist without them."

The basic rights in this connection, at common law, upon which these declaratory enactments were based are clearly stated in the monumental decision of Judge DALY in *Matter of Brick* (15 Abb. Pr. 12, at p. 36) as follows: " I have pointed out, so far as it is shown by the authority of adjudged cases, the extent to which these courts have exercised this limited power, and the whole may be summed up briefly in the statement that they may undo what has been done through fraud, or upon the supposition that they had jurisdiction, or on the assumption that a party was dead who is living, or that there was no will; or they may open decrees taken by default, or correct mistakes, the result of oversight or accident, and in this State revoke the probate of wills or letters of administration, or of guardianship in the cases provided for by statute. These are all powers existing of necessity, and indispensable to the admininstration of justice, under which may be embraced any other exercise of the jurisdiction of a like nature or character. But when, as in this case, all the parties in interest have been represented at the hearing, and the court has given its final sentence or decree, I know of no authority showing that these courts have ever exercised the general power of opening and reversing it again, upon the ground that they had erred as to the law, or had decided erroneously upon the facts."

Substantially the only statutory addition to the grounds for opening a decree thus shown to have existed at common law, namely, fraud, newly-discovered evidence and clerical error, is " other sufficient cause." This phrase receives authoritative definition in *Matter of Tilden* (98 N. Y. 434), the court saying

(at p. 442): " It would, therefore, seem that the power conferred upon the surrogate was limited to cases of ' fraud, newly-discovered evidence, clerical errors or other sufficient cause,' and would preclude him from exercising the jurisdiction conferred by that section for other causes.   Under settled rules of interpretation the words ' or other sufficient cause ' must be interpreted to mean causes of like nature with those specifically named.   The maxim ' *noscitur a sociis* ' applies, and limits the signification of the general phrase."

In conformity with this decision and the well-understood principles of the common law declared in the successive statutes, relief of this nature has uniformly been limited to cases in which an obvious clerical error had been committed, in which the court had no jurisdiction to render the decree, or where newly-discovered evidence was shown to exist of a nature which would have warranted the granting of a new trial within the rules appertaining to that subject.   (*Matter of Severance*, 106 Misc. 710, 714; affd., 191 App. Div. 885; *Matter of Backhouse*, 110 id. 737, 739; *Matter of Silliman*, 79 id. 98, 99; affd., 175 N. Y. 513; *Matter of Willets*, 119 App. Div. 119; affd., 190 N. Y. 527; *Matter of Morgan*, 164 App. Div. 854, 856; affd., 215 N. Y. 703.)

Whereas, therefore, it was said in *Matter of Townsend* (215 N. Y. 442, at p. 446): " By subdivision 6 of section 2490, Code of Civil Procedure, the surrogate is authorized ' To open, vacate, modify, or set aside or to enter as of a former time, a decree or order of his court; or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause    *    *    * only    *    *    *  in the same manner, as a court of record and of general jurisdiction exercises the same powers.'   The petition presented to the surrogate does not allege, fraud, newly-discovered evidence or clerical error.   Did it allege ' other sufficient cause? ' That question was one addressed to the judicial discretion of the surrogate, and he determined that the oversight of the respondent and failure on its part to bring to the attention of its attorneys information possessed by it, when it was notified of the hearing before the appraiser, was not sufficient cause to grant a new hearing. He might also have determined that the allegations presented in the petition did not disclose that the respondent would on said statements be entitled to exemption."

It must be apparent that the discretion therein referred to is, as expressly stated, a purely judicial discretion to be exercised in the limited class of cases referred to, and which would not authorize the court in reopening a determination fairly arrived at after due hearing and full information, on facts which were fully known at the time.

The well-established rule in this regard is clearly stated in *Matter of Wallace* (28 Misc. 603) where relief was sought on the grounds that the assets were appraised at too high a figure, and that the liabilities were not properly stated. Regarding these alleged bases for opening the decree, the court says (at p. 605): "As to the other two errors, an application to this court must rest upon principles analogous to [606] those upon which applications for a new trial are based, and I do not perceive any ground upon which the former decree can be opened. *Matter of Henderson* (157 N. Y. 423), a case much relied upon by the petitioners, simply holds that where there is a manifest clerical error in a decree, it may be corrected, and that the time within which it may be so corrected is not limited by section 1290 of the Code to two years after its entry. Where the error is of substance, whether of fact or law, the following cases show that the court has no power to open its decree to correct it."

In *Matter of Henderson* (157 N. Y. 423) the Court of Appeals, after reviewing its former determinations in *Matter of Tilden (supra)* and *Matter of Hawley* (100 N. Y. 206), says (at p. 429): " The decision in both of them was doubtless correct, whatever may be said with respect to some of the reasons given.

" In both cases the ground for opening the decree was not a clerical error such as is involved in the case at bar, nor indeed any error such as is contemplated by § 2481, regulating proceedings for opening and correcting manifest mistakes, but errors of substance made at the hearing which should have been corrected by appeal and not by motion. It was claimed [429] that the surrogate decided certain questions of fact or law erroneously, and that the decree was affected by such errors to the prejudice of the party applying for a rehearing. The other provisions of the Code covering regular appeals afforded the aggrieved party the true remedy. The questions that were involved and decided in those cases are not like the one now before us. They were not to correct a record so as to make it conform to what every one intended, but to review the decision upon the merits. In other words, it was an attempt to appeal by motion from an erroneous decision."

In the case at bar the sole error of which complaint is made is the act of the appraiser in fixing the value of the particular assets at the figures sworn to by the executrix and her expert and in his alleged failure to apply, in such determination, the provisions of section 122 of the Decedent Estate Law.

The action of the appraiser in this regard was judicial (*Matter of Hull*, 109 App. Div. 248, 249; *People ex rel. McKnight* v. *Glynn*, 56 Misc. 35, 39), and if the alleged error was actually made, it was purely an error of law in the failure to properly apply this statute.

Such an error can be corrected only by appeal. (*Matter of Putnam*, 220 App. Div. 34, 38, 39; *Matter of Rice*, 56 id. 253, 256; *Morgan v. Cowie*, 49 id. 612, 614; *Matter of Lowry*, 89 id. 226; *Matter of Crerar*, 56 id. 479, 483.)

As the court says in the *Putnam* case (at p. 38): " In the case before us no question of jurisdiction is involved. Nor can it be said that either of the parties was laboring under any mistake of fact. No claim is made of any concealment of assets or method of transfer. The question of whether the property passing under the power of appointment was taxable or not taxable was squarely presented on the original application. The Tax Commission and the court from the nature of the application and the contents of the moving papers were given express notice that the property in question was claimed to be non-taxable. This question, therefore, was presented for litigation. If the Commission deemed it to be taxable, it was the duty of its attorney to raise the question on the return of the motion. Instead, he stated in open court that he had no opposition to the application. * * *

" In the circumstances here disclosed the error complained of was [39] neither one of jurisdiction, nor of fact, nor of mere clerical error, but clearly one of law. This being so, the surrogate could not correct such error under subdivision 6 of section 20 of the Surrogate's Court Act (*supra*)."

It follows that the motion must be denied. Enter order on notice accordingly.