In the Matter of the Estate of PETER R. DREYER, Deceased.

Surrogate's Court, Kings County, December 4, 1934.

*Orrin C. Isbell*, for Elizabeth Rosalie Dreyer, executrix.

*Harry M. Peyser*, for the State Tax Commission.

WINGATE, S.   The estate tax appraiser has, in this case, included in the taxable estate certain gratuitous transfers, amounting to almost half of his total property, made by the decedent within four months of his death.   The estate has appealed from the *pro forma* order effectuating this result.

It was demonstrated on the hearing before the appraiser that the decedent was within a few days of seventy years of age and had for some years suffered from a chronic progressive myocarditis.   The cause of death was angina pectoris which the physician whom he consulted at his country home testified was a natural result of this ailment.

Under subdivision 3 of section 249-r of the Tax Law, any transfer of a material part of a decedent's property within two years of his death except for full consideration in money or money's worth " *shall, unless shown to the contrary*, be deemed to have been made in contemplation of death " and be taxable.    (Italics not in original.)

As pointed out in *Matter of Rich* (151 Misc. 852, 854), this enactment creates a presumption that the transfer was made in contemplation of death where the preliminary showings have been made, and places an absolute burden of proof on the estate to demonstrate the contrary.

Where, as in the case at bar, the death actually occurred within a brief time after the transfer from a disease from which the decedent was known to be suffering, an inference of fact of a contemplation of death from such cause reinforces this presumption.

Whether or not, in any given case, an inference or a presumption is rebutted by evidence, depends wholly on the weight to be attributed thereto, which involves not only the assaying of the testimony actually adduced, but also the credibility of the witnesses, their recollection of the facts, their interest in the result and similar pertinent considerations.

The majority of these factors are incapable of admeasurement by a court of review which has before it merely the printed words of the record.    A trier of the facts does not labor under a like disability but can arrive at his result aided by his observations concerning the conduct of those testifying before him.

It is primary that those to whom the determination of contested issues are confided are at liberty wholly to disregard any or all testimony adduced before them if not satisfied respecting its verity, either by reason of the personal interest of the witnesses, lack of recollection on their part, or because the inferences naturally deducible from facts related tend, of themselves, to contradict their stated impressions.

In the case at bar the witnesses who testified before the appraiser were the widow-donee, her daughter, the latter's husband and a physician whom the decedent occasionally consulted while at his summer home.    The first named was patently directly interested in the result.    The second two, while possessing no interest in the controversy in the strict legal sense, were obviously not, in fact, indifferent to the result which might be attained.    The physician testified almost wholly from his professional records without personal recollection.    All stated that the decedent did not know that he was suffering from the ailment from which he died.    Any such statement, however, is merely a conclusion of the witness which, in the case at bar, was based on the alleged fact that the physician had not

expressly informed him of it, and that the decedent had not discussed it specifically with the others. What was actually in the decedent's mind in this regard could not possibly be definitely known to any of them. He had been treated with digitalis and given professional advice from which the average well-informed layman might deduce that he was subject to the ailment with which he in fact was afflicted. The decedent's regular city physician was not produced.

Under all of the circumstances disclosed, the court cannot say that the appraiser erred in his judicial determination (*Matter of Dunne*, 138 Misc. 840, 844; *Matter of Rich*, 151 id. 852, 856) that the weight of the testimony adduced was insufficient to overcome the statutory presumption reinforced as it was by reason of the inference arising from the death as a result of the ailment from which the decedent had been a victim for a considerable period, within so brief a time after the transfer.

The court cannot concur in the position of the Tax Commission that every transfer within two years is taxable if not made for full value. Unquestionably, on the express wording of the statute, it will be presumed to have been made in contemplation of death. The nature and quantum of the demonstration necessary to overcome this presumption is innately impossible of definition, since it will vary with the facts of each case. This much may be said, however, that it must be a rare case, indeed, in which a court would be justified in reversing a decision of the one authorized by law to try the issue in the first instance that the presumption had not been overcome where it was shown that death had occurred from a naturally fatal disease for which the decedent had received treatment.

For the reasons given, the appeal must be dismissed.

Enter order, on notice, accordingly.