In the Matter of the Estate of EMMA ROSENWALD, Deceased.

Surrogate's Court, New York County, April 30, 1936.

---

* Revg. 157 Misc. 180; leave to appeal to Appellate Division denied by Appellate Term March 24, 1936, and by Appellate Division April 15, 1936.

*Michael Leibowitz* [*Harold L. Rosenstein* of counsel], for the petitioner.

*Edgar Hirschberg,* for the State Tax Commission.

FOLEY, S.   This is an application by the trustee to modify the *pro forma* order of June 1, 1926, fixing the transfer tax, and to compromise, pursuant to section 233 of the Tax Law, the tax on the contingent remainders of two trusts respectively created by paragraphs sixth and ninth of the will.

The trustee seeks upon this application (1) to modify the order of June 1, 1926, by inserting a computation of the lowest possible tax on the contingent remainder of the trust created by the sixth paragraph of the will, and to compromise the tax on the order as so amended; (2) to modify and amend the order of June 1, 1926, by deleting from the computation of the highest possible tax on the contingent remainder of the trust created by the ninth paragraph of the will (a) trustees' commissions, (b) special guardians' fees, and (c) death taxes paid to other States; (3) to amend the *pro forma* order by inserting therein the lowest possible tax applicable to any contingency or succession possible under paragraph ninth, and to compromise the tax on the proposed amended order.

The decedent died on January 30, 1925, and by the ninth paragraph of her will established a trust of her residuary estate for the benefit of a granddaughter, Edith L. Rigney.   The beneficiary was to receive the income until she reached the age of forty-five years, when the principal was to be paid to her.   In the event of her death before reaching that age without leaving lawful issue her surviving, the corpus of the trust was made payable to Mt. Sinai Hospital, a charitable institution.   A *pro forma* order fixing the tax was made on September 30, 1925, in which the diminished remainder of this trust, amounting to $245,481.61, was taxed contingently at the highest possible rate to the executors for the benefit of the one per

cent class. The tax amounted to $9,819.26. Thereafter, upon motion of the representative of the estate, an amended *pro forma* order was made on June 1, 1926, which added a provision to the effect that a tax of $7,636.58 would be due on this diminished remainder if the contingencies had happened at the date of appraisal and as if the fund vested in the great-granddaughter, Helen E. Rigney. Pursuant to the provisions of section 241 of the Tax Law then in effect, there was paid absolutely into the State Treasury the sum of $7,636.58. Liberty bonds of the value of $2,200 were deposited with the State Tax Commission to cover the sum of $2,181.68, the difference between the highest possible tax of $9,819.26 and $7,636.58, which was the amount that would be due if the remainder vested in possession at the date of appraisal.

The State Tax Commission has no objection to the relief sought in item (1), mentioned above, or to the computation in the petition of the compromise tax on the contingent remainder of the trust created by the sixth paragraph of the will, and the same is, therefore, approved. There is likewise no objection to the deduction under item (2) of the trustees' commissions and special guardians' fees. The order may, therefore, be modified as to these items. (*Matter of Silliman*, 79 App. Div. 98; affd., 175 N. Y. 513; *Matter of Morgan*, 164 App. Div. 854; affd., 215 N. Y. 703; *Matter of Faile*, 202 App. Div. 758.)

The application is denied as to item (c), which included taxes paid to other States. By reason of the decisions of the United States Supreme Court in *Farmers Loan & Trust Company* v. *Minnesota* (280 U. S. 204) and *First National Bank* v. *Maine* (284 id. 312), the imposition by the foreign States of these taxes was held to be unconstitutional. In the face of these decisions, the allowance of the deductions and the modification of the *pro forma* order at this time cannot be permitted.

The contention of the petitioner with respect to item (3) is that under the will the remainder of the trust created by the ninth paragraph may vest in the charitable institution and that, therefore, the *pro forma* order should be amended by the insertion of zero as the lowest possible tax instead of the sum of $7,636.58. The application to so modify the *pro forma* order is denied. As stated by me in *Matter of Siegel* (*post*, p. 144), decided simultaneously herewith, when the lowest possible tax has been fixed in the original order and paid to the State, that amount must be used as a basis for composition under section 233 of the Tax Law. In *Matter of Moore* (160 Misc. 265) I denied a similar application which sought to modify the original order and compromise the tax pursuant to this section, even though in that case it was conceded

that the highest possible tax was erroneously fixed in the original order. Here, as in the *Moore* case, any alleged mistake in the *pro forma* order was one of law which should have been corrected by proper appeal. The motion to modify the *pro forma* order with respect to the lowest possible tax on the trust under the ninth paragraph of the will is, therefore, denied, and a composition of the tax, pursuant to section 233 of the Tax Law, will be approved only upon the basis outlined in this decision.

Submit order on notice accordingly.